In Re: Consolidated Return of the Tax Claim Bureau of the County of Beaver from the September 13, 1982 Upset Sale for Delinquent Taxes, Joseph J. Mangine and Judith E. Mangine, Exceptants. Joseph J. Mangine and Judith E. Mangine, Exceptants, Appellants.

Argued November 13, 1984, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*John A. Tumolo,* for appellants.

*Robert W. Doty, Eckert, Seamans, Cherin & Mellott,* for appellee.

OPINION BY JUDGE ROGERS, January 10, 1985:

Joseph J. Mangine and Judith E. Mangine, husband and wife, appeal an order of the Court of Common Pleas of Beaver County dismissing their objections to the tax claim bureau's return and confirming absolutely the tax sale of real property which they owned as tenants by the entirety.

The Mangines purchased a five acre parcel of land which they subdivided into four lots pursuant to a subdivision plan duly recorded in the Beaver County Recorder's Office. The 1981 and 1982 school taxes and the 1982 county and township taxes on one of the lots were not paid. On June 26, 1982, the Beaver County Tax Claim Bureau, by United States Mail, return receipt requested, restricted delivery, sent Joseph

J. and Judith E. Mangine each a notice informing each that the lot was scheduled for tax sale on September 13, 1982. Both notices were addressed to a real estate office operated by Mr. Mangine, a licensed real estate broker, and both return receipt cards were returned to the tax claim bureau. Both were signed by Judith E. Mangine. The tax claim bureau sent no additional notice of the sale to Joseph J. Mangine. The taxes remained delinquent and, on September 13, 1982, the lot was sold.

The Mangines filed objections to the sale alleging, *inter alia,* that the tax claim bureau had not given Joseph J. Mangine a second notice of the impending tax sale of his property as required by Section 602(e)(2) of the Real Estate Tax Sale Law, Act of July 7, 1957, P.L. 1368, *as amended,* added by Section 5 of the Act of July 10, 1980, P.L. 417, 72 P.S. §5860.602(e)(2) (Law). Their thesis was and is that because Joseph J. Mangine had not acknowledged receipt of the notice of tax sale dated June 26, 1982, the tax claim bureau was required by Section 602(e)(2) of the Law to send him a second notice at least ten days prior to sale and that no such notice was ever sent. The trial court, as noted, dismissed the objections.

Section 602(e)(1) of the Law, 72 P.S. §5860.602(e)-(1), provides that the tax claim bureau, at least thirty (30) days before the date of the tax sale, shall give notice by certified mail, personal addressee only, return receipt requested, to each owner of the land to be sold. The tax claim bureau, as noted, complied with Section 602(e)(1) but the return receipt card sent to Joseph J. Mangine was returned signed by Judith E. Mangine. Section 602(e)(2) provides pertinently that:

> If return receipt is not received from *each* owner pursuant to the provisions of clause (1),

> then; at least ten (10) days before the date of the sale, similar *notice of the sale shall be given to each owner who failed to acknowledge the first notice* by United States certified mail, personal addressee only, return receipt requested, postage prepaid, at his last known post office address. . . . (Emphasis supplied.)

The notice required by Section 602(e)(2) was not sent to Joseph J. Mangine. This failure is the basis for objection to the tax claim bureau's return.

In *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), the Supreme Court, noting the requirement of Section 602 that the mailed notice of a tax sale shall be sent to each owner of the property, held that each owner of land as a tenant by the entirety must receive a separate, individual notice of the sale. The court reasoned that:

> "Each" is a non-technical word which Webster's Dictionary (unabridged 2nd ed. 1976) defines as "every one of two or more considered or treated distinctly from the rest." The statutory requirement of "notice . . . to each owner" must thus be construed to mean that every owner will be considered and treated as distinct from the others and, consequently, that tenants by the entireties are entitled to separate and individual notice.

*Id.* at 627, 406 A.2d at 1377.

Present Section 602(e)(2) requires that "notice of the sale shall be given to each owner who failed to acknowledge the first notice" and of course must be given the same interpretation as that given the substantially identical language of Section 602 as construed in *Teslovich.* Hence Section 602(e)(2) requires that a second mailed notice be sent to each owner who failed to acknowledge the first notice. Since

Joseph J. Mangine is an owner who did not acknowledge the first notice, it was the duty of the tax claim bureau to send him the second, Section 602(e)(2), notice.

The notice provisions of the Act must be strictly construed in order to guard against the deprivation of property without due process of law. *Teslovich; Grace Building Co., Inc. v. Chester County Land Corp.,* 19 Pa. Commonwealth Ct. 269, 339 A.2d 161 (1975). The Mangines' objection to the sale should have been sustained.

Section 602(e)(2) requires a second notice to be sent to each owner who fails to acknowledge the first. Surely a return receipt for the first mailing not bearing the name of the one to whom it was sent, but that of another person, identifies the addressee as one who has not acknowledged that notice. The burden of examining the return receipt cards to ensure that the notices are acknowledged by the persons to whom they were sent is one imposed on the tax claim bureau by the statute and cannot be relieved by the courts. The name written on the return receipt card for the first mailing to Joseph J. Mangine was plainly Judith E. Mangine, so that the second notice should have been sent. Later cases will doubtless present variations on the theme of this one. We will decide them as they come.

Order reversed; the record is remanded for the entry of an order invalidating the sale of the property which is the subject of this proceeding. Jurisdiction is relinquished.

### Order

And Now, this 10th day of January, 1985, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is reversed and the

record is remanded for the entry of an order invalidating the sale of the property which is the subject of this proceeding. Jurisdiction is relinquished.

Judge PALLADINO dissents.