**Donato v. Monroe County Tax Claim Bureau**

*W. Brian Golden,* for petitioners.

*James P. Gregor,* for Monroe County Tax Claim Bureau.

*Steven D. Gladstone,* for Robert Plank.

O'BRIEN, *J.,* January 7, 1992—

## FINDINGS OF FACT

(1) On July 1, 1987, petitioners Anthony Donato and Amelia Donato, his wife purchased a parcel of land situate in Coolbaugh Township, Monroe County, Pennsylvania known as Lot 1, Block A-2009 on a map of Arrowhead Lake, section 20, improved with a two-bedroom home for the sum of $45,000 by a deed recorded in the Office of the Recorder of Deeds in and for Monroe County, Pennsylvania in Volume 1563, Page 1539. The property is identified by Tax Code no. 3/19C/1/343.

(2) After the petitioners failed to make payment of real estate taxes for 1988, the Monroe County Tax Claim Bureau scheduled a tax sale of the property for September 10, 1990. Thirty days prior to the sale, the Tax Claim Bureau dispatched a notice of the sale by certified mail, restricted delivery, return receipt requested to each petitioner.

(3) Both return receipts were signed by petitioner Anthony Donato and returned to the Tax Claim Bureau. Because of the illness of Amelia Donato's mother, Anthony Donato did not advise her of the tax sale and in fact made payment of taxes which he believed would remove the property from the tax sale list.

(4) Amelia Donato never received notice of the tax sale and promptly filed a petition to set aside the tax sale upon learning of that event.

(5) Although the Tax Claim Bureau did not receive the return receipt signed by Amelia Donato, it did not send any follow-up notice as mandated by law.

(6) On September 10, 1990, the petitioners' property was sold to respondent Robert Plank.

## DISCUSSION

It is a well-known equitable rule that the law abhors a forfeiture. The Real Estate Tax Sale Law, 721 P.S. §5860.101, et. seq. has been the vehicle through which the General Assembly has sought to prevent forfeitures while assuring the regular payment of real property taxes. Indeed the notice provisions of the tax sale statute were intended to assure that no one is deprived of property without due process of law. *In re Tax Claim Bureau,* 53 Pa. Commw. 423, 419 A.2d 423 (1980); U.S.C. Const. Amend. 14. Consequently, the notice requirements for a tax sale must be strictly adhered to and, if any notice requirement is defective or lacking, the sale must be set aside. *Area Homes Inc. v. Harbucks Inc.,* 75 Pa. Commw. 97, 461 A.2d 357 (1983). Although actual notice to landowners is not required, the county Tax Claim Bureau must adhere to the enumerated statutory mailing procedures which are designed to give a landowner reasonable notice. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commw. 216, 435 A.2d 681 (1981).

The Real Estate Tax Sale Law provides in pertinent part as follows:

"(1) At least 30 days before the date of the sale, by U.S. certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

"(2) If return receipt is not received from each owner pursuant to the provision of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by U.S. first class mail,

proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. §5860.602 (e).

"(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him." 72 P.S. §5860.607(a).

Disposition of the case at bar is controlled by the decision of the Commonwealth Court in *Appeal of Mangine,* 87 Pa. Commw. 47, 487 A.2d 45 (1985). In that case, the court held that after the Tax Claim Bureau sent each spouse a notice of the tax sale and both returned receipts were signed by one spouse, the tax claim bureau was required to send the nonsigning spouse a second notice at least ten days prior to sale. In setting aside the tax sale, the court quoted the following holding by the Supreme Court in *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979):

"'Each' is a non-technical word which *Webster's Dictionary* (unabridged 2nd ed. 1976) defines as 'every one of two or more considered or treated distinctly from the rest.' The statutory requirement of 'notice ... to each owner' must thus be construed to mean that every owner will be considered and treated as distinct from the others and, consequently, that tenants by the entireties are entitled to separate and individual notice."

## CONCLUSIONS OF LAW

(1) The Tax Claim Bureau failed to comply with the provisions of 72 P.S. §5860.602(e)(2) before exposing petitioners' property to tax sale.

(2) The Tax Claim Bureau having failed to comply with the above statutory provisions, the tax sale must be set aside. *Tracey v. County of Chester,* 507 Pa. 288, 489 A.2d 1334 (1985).

## ORDER

And now, January 7, 1992, the petition of Anthony Donato and Amelia Donato to set aside the tax sale of the parcel of land situate in Coolbaugh Township, Monroe County, Pennsylvania identified as Lot 1, Tax Parcel no. 3/19C/1/343 is granted and it is ordered as follows:

(1) The petitioners shall pay forthwith to the Tax Claim Bureau of Monroe County a sum equal to the price paid by the purchaser at the sale as well as the costs of the tax sale. The petitioners shall also furnish evidence to the Tax Claim Bureau that all taxes due and owing on the property are paid and current.

(2)   Robert Plank shall execute a quit claim deed in favor of the petitioners and shall deliver said deed to the Tax Claim Bureau upon reimbursement by the bureau of the monies heretofore paid by him to the bureau for this property.

(3)   The petitioner shall pay the costs of these proceedings.