**In re UPSET TAX SALE HELD 11/10/97 Tax Parcel No. 48–020–119 Assessed Owner: Baklycki, Gerald and Orysia Premises: 539 Melrose Avenue Upper Southampton Twp. Bucks County, PA.**

**Appeal of Irvin E. Povlow.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 3, 2001.

Decided Sept. 27, 2001.

Stephen A. Shelly, Quakertown, for appellant.

Robert L. White, Langhorne, for appellee, Bucks County Tax Claim Bureau.

Carol B. McCullough, Warminster, for appellees, Gerald and Orysia Baklycki.

Before PELLEGRINI, J., FRIEDMAN, J., and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Appellants, Irvin E. Povlow and the Bucks County Tax Claim Bureau (Bureau) appeal from an order of the Court of Common Pleas of Bucks County (trial court) which set aside the tax sale for property owned by Gerald and Orysia Baklycki. We reverse.

The Baklyckis failed to pay real estate taxes for 1995 for property located at 539 Melrose Avenue in Bucks County. On July 18, 1997, the Bureau sent notice of a pending tax sale to each of the Baklyckis by certified mail, restricted delivery, return receipt requested. Orysia Baklycki signed her name and received her certified letter. Orysia Baklycki also signed her husband's name and received his certified letter. After receiving the return receipts from both Mr. and Mrs. Baklycki, the Bureau posted the property on August 18, 1997 and proceeded with the tax sale. On November 10, 1997, the Bureau sold the property to Povlow.

The Baklyckis thereafter filed exceptions/objections to the sale of the property with the trial court. Povlow filed a petition to intervene, which the trial court granted and a hearing was conducted. The trial court determined that the Bureau mailed notice of the impending tax sale to each of the Baklyckis, via certified, restricted, return receipt requested, as is required by Section 602 of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602. However, Mrs. Baklycki signed not only her certified mail but also signed her husband's name for his certified mail. In addition, Mrs. Baklycki never informed her husband of the tax sale notice.[1]

---

1. At the time the notices were sent, Mr. and Mrs. Baklycki, although living together, were
not communicating with each other. The testimony also revealed that Mrs. Baklycki was

As to the posting of the property, which is also required by Section 602 of the Law, the trial court determined that the notice was affixed to the couple's front door on August 18, 1997. Mr. Baklycki testified however that he worked a twelve-hour day, not returning home until after 6 p.m. and did not see a notice posted to his front door.

Based on the above, the trial court determined that Mr. Baklycki did not have either express or implied actual notice of the tax sale because he did not receive the notice mailed by the Bureau of the impending tax sale, nor did he receive notice of the tax sale by posting. Because notice of a pending tax sale must be given to each individual owner of a property, the trial court set aside the tax sale as Mr. Baklycki did not have notice. This appeal followed.[2]

On appeal, Appellants argue that the Bureau complied with the statutory requirements of providing notice and that the tax sale was therefore valid. We agree. Section 602 of the Law, requires the Bureau to provide three separate methods of notice: publication at least thirty days prior to the sale, notification by certified/first class mail and posting of the property at least ten pays prior to the sale.[3] Performance of each of these requirements is required for a tax sale to be valid. *Matter of the Tax Sales*, 651 A.2d 1157 (Pa.Cmwlth.1994), *petition for allow-*

*ance of appeal denied,* 544 Pa. 650, 664 A.2d 978 (1995).

With respect to notification by mail, we observe that when real property is owned by more than one person, Section 602 of the Law "requires separate individual notice to each named owner of property. . . . ." *Teslovich v. Johnson,* 486 Pa. 622, 628, 406 A.2d 1374, 1378 (1979). The cases of *Mangine Appeal,* 87 Pa.Cmwlth. 47, 487 A.2d 45 (1985) and *Gill v. Tax Claim Bureau of Monroe County,* 151 Pa. Cmwlth. 166, 616 A.2d 198 (1992) are instructive. In both of those cases, the tax bureau sent separate notices to both the husband and wife by certified mail, restricted delivery, return receipt requested. In each instance, the wife signed for her notice and also signed her name for her husband's notice. As such, the husband's receipt cards, returned to the tax bureau, bore the wife's signature. In accordance with Section 602(e)(2) of the Law, if a return receipt is not received from each owner, then at least ten days before the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States certified mail at his last known address. This court concluded that in both of those cases, because the husband had not acknowledged receipt of the first notice, the bureau was required to send a second notice in accordance with the statute. Because

responsible for payment of the taxes. Prior to the notices being sent, the couple settled a mortgage foreclosure action with their mortgage company. According to the trial court although it is unclear whether the 1995 real estate taxes were implicated in the 1997 mortgage foreclosure issue, the taxes were obviously not paid in the process of the resolution and according to the testimony of Mrs. Baklycki, the taxes were paid separate from the mortgage.

2. Our review is limited to determining whether the trial court abused its discretion, rendered a decision lacking supporting evidence or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith,* 113 Pa. Cmwlth. 105, 536 A.2d 503 (1988).

3. Publication is not an issue and will not be addressed herein. As to the posting requirement the trial court "found no merit in the [Baklyckis] contention regarding deficiencies in the posting of notice." (Trial court opinion at p. 6.)

the bureau failed to send the second notice after the first notice went unacknowledged, this court determined that the bureau failed to comply with the Law and set aside the tax sales. As stated in *Mangine:*

> Section 602(e)(2) requires a second notice to be sent to each owner who fails to acknowledge the first. Surely a return receipt for the first mailing not bearing the name of the one to whom it was sent, but that of another person, identifies the addressee as one who has not acknowledged that notice. The burden of examining the return receipt cards to ensure that the notices are acknowledged by the persons to whom they were sent is one imposed on the tax claim bureau by the statute and cannot be relieved by the courts. The name written on the return receipt card for the first mailing to Joseph J. Mangine was plainly Judith E. Mangine, so that the second notice should have been sent. Later cases will doubtless present variations on the theme of this one. We will decide them as they come.

*Mangine,* 487 A.2d at 47.

The present case varies from *Mangine,* in that the receipt received by the Bureau for Mr. Baklycki bore the purported signature of Mr. Baklycki. Having received a receipt bearing Mr. Baklycki's signature, the Bureau was required to do no more. i.e., no second notice was required as in *Mangine* and no such argument has been made here.

 Unlike *Mangine* and *Gill,* the Bureau complied with the statutory notice requirements of Section 602 of the Law and as such, the sale was valid. Although

the trial court determined that Mr. Baklycki did not receive notice of the tax sale via certified mail, "[w]here the bureau has complied with all the notice provisions of Section 602, the fact that notice was not actually received will not defeat the sale." *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa.Cmwlth. 30, 438 A.2d 1045, 1048 (1982). The statute itself provides that "no sale shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this statute." Section 602 of the Law, 72 P.S. § 5860.602.

Because the Bureau complied with all of the statutory notice requirements, the trial court erred in setting aside the tax sale.[4] Accordingly, the order of the trial court is reversed.

### ORDER

Now, September 27, 2001, the order of the Court of Common Pleas of Bucks County at No. 97–092290–16–6, dated November 8, 2000 is reversed.

---

4. In instances where the Bureau has not complied with the statutory notice requirements, a tax sale of the property may still be valid if the owners had actual notice of the sale. *Sabbeth v. Tax Claim Bureau of Fulton County,* 714 A.2d 514 (Pa.Cmwlth.1998), *petition*

*for allowance of appeal denied,* (filed April 13, 1999), 1999 Pa. LEXIS 1045. In this case, because the Bureau complied with the notice requirements, the issue of whether Mr. Baklycki had actual notice is of no moment.