In Re: Upset Sale, Tax Claim Bureau :
of Tioga County Control No. 00014306 :
(Joleen George)      :
           : No. 908 C.D. 2022
Appeal of: Joleen R. George   : Submitted: September 11, 2023


BEFORE: HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE STACY WALLACE, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: October 20, 2023


    Joleen R. George (Appellant) appeals the July 21, 2022 order (Trial Court Order) of the Court of Common Pleas of Tioga County (Trial Court) overruling Appellant's Amended Objections/Exceptions to Tax Sale Held September 24, 2021. Upon review, we affirm.


## I. Background and Procedural Posture

    On September 24, 2021, the Tioga County Tax Claim Bureau (Bureau) conducted an upset tax sale of properties within Tioga County with delinquent 2019 real estate taxes (Upset Sale) at which Appellant's mobile home located at 1097 Pitts Road, Mansfield (Property),[1] was sold. Thereafter, Appellant filed objections to the

---

[1] The parcel of land on which the Property is situated is a tract of approximately 260-290 acres owned jointly by Appellant, her mother, and her sister. *See* Notes of Testimony, April 28, 2022 (N.T. 4/28/2022) at 30; Reproduced Record (R.R.) at 154a; *see also* Application for

Upset Sale followed by amendments to the objections (collectively, Amended Objections),[2] in which Appellant claimed that the Bureau failed to comply with the notice requirements of Section 602 of the Real Estate Tax Sale Law (RETSL),[3] 72 P.S. § 5860.602, in that required notices were sent to the incorrect address and her signature on the return receipt was a forgery. *See* Amended Objections, R.R. at 8a-9a. The Trial Court conducted a hearing on the Amended Objections on April 28, 2022. *See* Notes of Testimony, April 28, 2022 (N.T. 4/28/2022), R.R. at 122a-63a. On July 21, 2022, the Trial Court entered an order overruling the Amended Objections. *See* Trial Court Order, R.R. at 115a. The instant appeal followed.

## II. Issues

On appeal,[4] Appellant claims that the Trial Court erred by refusing to set the Upset Sale aside where the Bureau sent the statutorily required notices to an address where Appellant no longer received mail, the first statutorily required notice

---

Homestead, R.R. at 114a. At the time of the Upset Sale, Appellant was the title owner of the Property. *See* Report of Title For Real Estate, R.R. at 78a.

[2] Although the Trial Court did not file the Decree Nisi regarding the Upset Sale in this matter until November 17, 2021, Appellant originally filed her "Objections/Exemptions to Tax Sale Held September 24, 2021" (Objections) on October 28, 2021, and her "Amended Objections/Exceptions to Tax Sale Held September 24, 2021" (Amended Objections) on November 8, 2021. *See* Decree Nisi, R.R. at 7a; Objections, R.R. at 3a-6a; Amended Objections, R.R. at 8a-12a. The Tioga County Tax Claim Bureau (Bureau) filed its "Answer to Amended Objections/Exceptions to Tax Sale Held September 24, 2021" (Answer) on February 25, 2022. *See* Answer, R.R. at 12a-44a.

[3] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

[4] "Our review is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law, or rendered a decision unsupported by the evidence." *In re 1999 Upset Sale of Real Est.*, 811 A.2d 85, 87 n.1 (Pa. Cmwlth. 2002).

was signed for by Appellant's mother, and Appellant's signature on the second statutorily required notice was allegedly forged. *See* Appellant's Br. at 4, 13-24.

### III. Discussion

Initially, we note that "[t]he purpose of tax sales is not to strip the taxpayer of [her] property but to insure the collection of taxes." *Husak v. Fayette Cnty. Tax Claim Bureau*, 61 A.3d 302, 312 (Pa. Cmwlth. 2013). The property owner notice provisions of Section 602 of the RETSL, 72 P.S. § 5860.602,[5] are at issue in the instant matter. Regarding Section 602 of the RETSL, this Court has explained:

---

[5] Section 602 of the RETSL provides, in pertinent part:

(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

(b) Where the owner is unknown and has been unknown for a period of not less than five years, the name of the owner need not be included in such description.

(c) The description may be given intelligible abbreviations.

(d) Such published notice shall be addressed to the "owners of properties described in this notice and to all persons having liens, judgments or municipal or other claims against such properties."

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

3

In all tax sale cases, the tax claim bureau has the burden of proving compliance with the statutory notice provisions. Section 602 requires three different forms of notice to property owners prior to an upset tax sale: publication, posting, and mail. If any of the three types of notice is defective, the tax sale is void. Notwithstanding our mandate to strictly construe the notice provisions of the law, the notice requirements of Section 602 of the [RETSL] are not an end in themselves, but are rather intended to ensure a property owner receives actual notice that his or her property is about to be sold due to a tax delinquency. However, strict compliance with the notice requirements of Section 602 is not required when the [b]ureau proves that a property owner received actual notice of a pending tax sale.

---

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

(f) The published notice, the mail notice and the posted notice shall each state that the sale of any property may, at the option of the bureau, be stayed if the owner thereof or any lien creditor of the owner on or before the actual sale enters into an agreement with the bureau to pay the taxes in instalments, in the manner provided by this act.

72 P.S. § 5860.602(a)-(f).

4

*In re Consol. Reps. & Return by Tax Claims Bureau of Northumberland Cnty. of Props. (Appeal of Neff)*, 132 A.3d 637, 644-45 (Pa. Cmwlth. 2016) (internal citations, footnote, and quotation mark omitted). Accordingly, where property is to be exposed to an upset tax sale, Section 602 of the RETSL requires that the Bureau must first provide the property owner notice by publication, mail, and posting. 72 P.S. § 5860.602. "If any method of notice is defective, the tax sale is void." *Krawec v. Carbon Cnty. Tax Claim Bureau*, 842 A.2d 520, 523 (Pa. Cmwlth. 2004).[6]

Here, at the hearing on the Amended Objections, the Bureau presented the testimony of Joshua Zeyn, the Director of Tax Claims and Chief Assessor of Tioga County,[7] whose testimony established the following. *See* N.T. 4/28/2022 at 4-28; R.R. at 128a-52a. On February 1, 2020, the Bureau sent a Notice of Return and Claim, which is a delinquent tax notice,[8] regarding the Property's unpaid 2019 real estate taxes (February 2020 Notice of Return and Claim) via certified mail to Appellant at 1097 Pitts Road, Mansfield, the Property's mailing address from the

---

[6] We note that, where a property subject to an upset sale is occupied by the property owner, Section 601(a)(3) of the RETSL requires an additional notice of the tax sale to be personally served on the owner-occupant. *See* 72 P.S. § 5860.601(a)(3). As there is no allegation that Appellant was an owner-occupier of the Property herein, the additional notice requirement of Section 601(a)(3) plays no part in the instant matter.

[7] Mr. Zeyn has been the Bureau's Chief Assessor since 2020, having acted as Assistant Assessor for the 10 years prior. *See* N.T. 4/28/2022 at 4; R.R. at 128a. Mr. Zeyn is responsible for the day-to-day operations of both the Bureau and the Tioga County's Assessment Office and is involved in Tioga County's tax sale process. *See* N.T. 4/28/2022 at 4-5; R.R. at 128a-29a.

[8] Mr. Zeyn explained that tax bills go out in March and July every calendar year and that the previous year's uncollected taxes are returned to the Bureau for collections starting on January 1st of the following year. *See* N.T. 4/28/2022 at 5; R.R. at 129a. The Bureau typically sends landowners delinquent tax notices containing tax balances and payment options at the beginning of February of the following year. *See id.*

Bureau's tax duplicate book[9] and previously provided to the Bureau on a Mobile Home Tax Release form transferring the Property to Appellant from Sylvia Wilcox, Appellant's grandmother. *See* N.T. 4/28/2022 at 6-8; R.R. at 130a-32a. Appellant's mother, Lucille Vandergrift, signed for the delivery of the February 2020 Notice of Return and Claim. *See* N.T. 4/28/2022 at 10; R.R. at 134; *see also* February 2020 Notice of Return and Claim Return Receipt Verification Card, R.R. at 56a. The Bureau has no record of any contact from Appellant after sending the February 2020 Notice of Return and Claim. *See* N.T. 4/28/2022 at 10; R.R. at 134a.

On November 5, 2020, the Bureau sent another notice (Open Billing Letter), known as an open billing letter,[10] to Appellant at the Property's address, which outlined the real estate tax balance due and payment dates and deadlines for satisfaction thereof. *See* N.T. 4/28/2022 at 11-12; R.R. at 135a; *see also* Open Billing Letter, R.R. at 57a. In addition to the tax balance and payment information, the Open Billing Letter also explained that eligible landowners had the option to set up a stay of sale contract with the Bureau prior to January 1, 2021, in reference to outstanding real estate taxes. *See* N.T. 4/28/2022 at 11; R.R. at 135a; *see also* Open Billing Letter, R.R. at 57a. Appellant was eligible to enter a stay of sale contract in November of 2020, but the Bureau received no response in reference to the Open Billing Letter. *See* N.T. 4/28/2022 at 1; R.R. at 135a.

[9] Real estate tax duplicate books are printed at the time the Bureau generates tax bills, and are given to the tax collector, who collects taxes on behalf of the Bureau. *See* N.T. 4/28/2022 at 8; R.R. at 132a. The parties stipulated that Appellant's address in the tax duplicate book in 2014 was 1097 Pitts Road, Mansfield – the address of the Property – and that the address remained the same through 2021. *See id.* No previous correspondence to Appellant at that address was returned as undeliverable, and the Bureau has no change of address form for Appellant. *See* N.T. 4/28/2022 at 8-9; R.R. at 132a-33a.

[10] The RETSL does not require the Bureau to send open billing letters. *See* N.T. 4/28/2022 at 11; R.R. at 135a.

On April 1, 2021, the Bureau sent Appellant another courtesy notice (April 2021 Notice) not required by the RETSL that provided the updated outstanding Property real estate tax balance. *See* N.T. 4/28/2022 at 12; R.R. at 136a; *see also* April 2021 Notice, R.R. at 58a. The April 2021 Notice gave a deadline of May 31, 2021, for Appellant to pay the outstanding taxes in full or enter a stay of sale contract with the Bureau. *See* N.T. 4/28/2022 at 12; R.R. at 136a. The Bureau received no response to the April 2021 Notice. *See id.*

On July 14, 2021, the Bureau mailed, via certified mail addressed to Appellant as owner, the statutorily required Notice of Public Tax Sale (Notice of Sale). *See* N.T. 4/28/2022 at 14; R.R. at 138; *see also* Notice of Sale, R.R. at 68a. The Notice of Sale listed the Upset Sale for 10:00 a.m., Friday, September 24, 2021.[11] *See* N.T. 4/28/2022 at 14; R.R. at 138; *see also* Notice of Sale, R.R. at 68a. To avoid publication of the Upset Sale,[12] the Notice of Sale gave July 30, 2021, as the date for payment in full or entry into a stay of sale contract. *See* N.T. 4/28/2022 at 14-15; R.R. at 138a-39a; *see also* Notice of Sale, R.R. at 68a. The Bureau received back a signed return receipt verification card indicating that the Notice of Sale had been delivered on July 19, 2021. *See* N.T. 4/28/2022 at 15; R.R. at 139a; *see also* Notice of Sale Return Receipt Verification Card, R.R. at 69a. Appellant's signed name appeared on the signature line of the return receipt verification card. *See* N.T.

---

[11] The Notice of Sale listed the approximate upset price as $5,887.27. *See* Notice of Sale, R.R. at 68a.

[12] On August 26, 2021, the Bureau published the notice of the Upset Sale in the Wellsboro/Mansfield Gazette and the Free-Press Courier of Westfield. *See* N.T. 4/28/2022 at 13-14; R.R. at 137a-38; *see also* Affidavits of Publication, R.R. at 60a-67a. The parties stipulated to proper publication. *See* N.T. 4/28/2022 at 14, R.R. at 138a.

4/28/2022 at 15; R.R. at 139a; *see also* Notice of Sale Return Receipt Verification Card, R.R. at 69a.

Posting of the Property was completed on June 16, 2021, by Palmetto Posting, a third-party posting company. *See* N.T. 4/28/2022 at 16; R.R. at 140a; *see also* Notice of Public Tax Sale posting, R.R. at 72a-73a; Palmetto Posting Field Report (Field Report), R.R. at 71a. Although personal service is required only for owner-occupied properties,[13] a Palmetto Posting employee also attempted to personally serve Appellant with notice of the scheduled Upset Sale on June 16, 17, and 18, 2021, but was unsuccessful. *See* N.T. 4/28/2022 at 16-18; R.R. at 140a-42a; *see also* Field Report, R.R. at 71a.[14]

On September 8, 2021, the Bureau mailed, by regular mail, a final notice to Appellant at the Property's address (Final Notice) regarding the scheduled Upset Sale. *See* N.T. 4/28/2022 at 21; R.R. at 145a; *see also* Final Notice, R.R. at 174a. The Final Notice again provided Appellant with a pay-by date to avoid the Upset Sale, together with payment instructions. *See id.* The Final Notice was not required by the RETSL. *See* N.T. 4/28/2022 at 23; R.R. at 147a. The Final Notice was not returned as undeliverable, but the Bureau received no response from Appellant. *See* N.T. 4/28/2022 at 21-22; R.R. at 145a-46a.

On September 15, 2021, the Bureau left Appellant a courtesy telephone message regarding the Upset Sale and the payment deadline to avoid the Upset Sale.

---

[13] Bureau records indicate that the Property is not owner-occupied. *See* N.T. 4/28/2022 at 18; R.R. at 142a; *see also supra* n.6.

[14] The Trial Court also accepted into evidence at the Amended Objections hearing the deposition testimony of Palmetto Posting's Chief Information Officer, Eugene Johnson, and processing agent, Evelyn Laughlin, who collectively confirmed the June 16, 2021 posting of the Property and unsuccessful attempts to personally serve notice on Appellant. *See* Notes of Testimony, April 19, 2022, at 8-33; R.R. at 79a-106a.

*See* N.T. 4/28/2022 at 23-24; R.R. at 147a-48a; *see also* Caller Comments, R.R. at 75a.

Appellant did not respond to any of the Bureau's notices. Accordingly, the Property was sold at the Upset Sale on September 24, 2021. *See* N.T. 4/28/2022 at 24; R.R. at 148a; *see also* Upset Sale Sold Notice, R.R. at 76a-77a.

Appellant also testified on her own behalf before the Trial Court at the hearing on the Amended Objections. *See* N.T. 4/28/2022 at 28-37; R.R. at 152a-61a. Appellant testified that she moved out of the Property and into 661 Pitts Road in 2015 as part of an agreement with her sister. *See* N.T. 4/28/2022 at 30-31; R.R. at 154a-55a. Appellant further testified to an agreement between herself and her mother whereby the mother would pay the Property's real estate taxes. *See* N.T. 4/28/2022 at 32; R.R. at 156a. Appellant asserted that her mother had abided by the agreement until the failure to pay the taxes in 2019 occasioned the events leading to the Upset Sale. *See* N.T. 4/28/2022 at 32; R.R. at 156a. Appellant explained that she did not receive the notices mailed to the Property, which would have been received by her mother and/or sister. *See* N.T. 4/28/2022 at 32-33; R.R. at 156a-57a. Appellant further explained that she has had a strained relationship with her mother and sister for years. *See* N.T. 4/28/2022 at 32-33; R.R. at 156a-57a. Appellant testified that the signature on the Notice of Sale was not hers and would have instead placed thereon by her mother or sister. *See* N.T. 4/28/2022 at 33-34; R.R. at 157a-58a. She further explained that her mother and sister never advised her about the Upset Sale, that she never received a telephone message about the Upset Sale, and that she never saw the posting on the Property. *See* N.T. 4/28/2022 at 35-36; R.R. at 159a-60a. Appellant conceded, however, that she never informed the

9

Bureau that she was no longer receiving mail at the Property. *See* N.T. 4/28/2022 at 37; R.R. at 161a.

Based on this evidence, the Trial Court found that the Bureau satisfied the Section 602 notice requirements of mailing, publication, and posting. *See* Trial Court Opinion at 1-4. The Trial Court observed that the verification from the Notice of Sale was returned to the Bureau bearing the signature "Joleen George" in excess of 30 days prior to the prior to the September 24, 2021, date of sale. *See* Trial Court Opinion at 2. The Trial Court also noted that the Bureau was excused from the additional mailing requirements of Section 602(e)(2), 72 P.S. § 5860.602(e)(2), by virtue of the Notice of Sale return receipt having been returned signed, but that the Bureau had nonetheless sent multiple other, non-required notification mailings. *See id.* Additionally, the Trial Court noted that the parties had stipulated that the Bureau complied with the RETSL's publication requirement and further that the Bureau properly posted the Property as required. *See id.* Accordingly, the Bureau complied with the RETSL's notification requirements prior to the Upset Sale. *See id.* at 4.

We agree with the Trial Court that the Bureau fulfilled its notice obligations under the RETSL. Section 602 of the RETSL requires the Bureau to provide property owners with three forms of notice before an upset sale can take place: publication, posting of the property, and mailing of notice. *See* 72 P.S. § 5860.602. As discussed *supra*, Appellant stipulated that the Bureau properly published the details of the Upset Sale in two different publications in accordance with the RETSL. Additionally, Mr. Zeyn, Mr. Johnson, and Ms. Laughlin all testified that the Property was posted on June 14, 2021, well in excess of 10 days prior to the Upset Sale, and the Field Report entered into evidence confirmed their testimony. Further, the Bureau mailed the Notice of Sale on July 14, 2021, well over

10

30 days prior to the scheduled Upset Sale. The Notice of Sale return receipt verification card was returned with Appellant's signature thereon and indicating that the Notice of Sale had been delivered on July 19, 2021, also well over the 30 days required by the RETSL. This evidence illustrated that the Bureau complied with the notice requirements of Section 602 of the RETSL prior to the Upset Sale. For this reason, the Trial Court did not err by overruling the Amended Objections to the extent they argued that the Bureau had failed to comply with the RETSL's notice requirements prior to the Upset Sale.

To the extent Appellant claims that the Trial Court erred by not granting equitable relief based on the allegation that her name was forged on the Notice of Sale's return receipt verification card, which forgery Appellant claimed amounts to fraud, she is not entitled to relief. As this Court has explained, "[w]here the [tax claim] bureau has complied with all the notice provisions of Section 602, the fact that notice was not actually received will not defeat the sale." *In re Upset Tax Sale Held 11/10/97*, 784 A.2d 834, 837 (Pa. Cmwlth. 2001) (quoting *Kleinberger v. Tax Claim Bureau of Lehigh County,* 438 A.2d 1045, 1048 (Pa. Cmwlth. 1982)) (wife signed certified receipt for husband owner). This Court has further explained that

> [w]hen exceptions are filed to a tax sale, the burden of proof is on the tax claim bureau to prove compliance with the notice requirements of the [RETSL]. This does *not,* however, require proof that the property owner actually signed the certified mail receipt or actually received the notice. Rather, the tax claim bureau must only show that it *sent* all required notices to the property owner or owners, *not that the owner or owners actually received the notice of tax sale.*

11

*FS Partners v. York Cnty. Tax Claim Bureau*, 132 A.3d 577, 581-82 (Pa. Cmwlth. 2016) (citing 72 P.S. § 5860.602(h)[15]) (emphasis in original). Thus, this Court has specifically determined that,

> where the signature on the certified mail receipt appears to be the signature of the owner . . . , the tax claim bureau has satisfied its certified mail notice obligations and the tax sale cannot be set aside for failure to provide certified mail or regular mail notice, even if the signature was *not* the actual signature of the owner . . . and the owner did not receive the notice and had no knowledge of the tax sale.

*FS Partners*, 132 A.3d at 582 (emphasis in original).

> The Trial Court here rejected Appellant's equity claim as follows:

> Appellant asserts that [the Bureau] ". . . knew that Appellant's mother was scheming to achieve sale of Appellant's property at a tax sale." Appellant also asserts that the mail receipt card was not signed by Appellant, but, instead, by her mother or sister. While [the Bureau] clearly bears the burden of establishing compliance with the [RETSL], [the Bureau] is not required to be aware of the dynamics of the relationships between property owners, such as Appellant, and their relatives. Appellant, in asserting a claim such as this, must present evidence to support her claim. In this case, Appellant argues that her mother and/or sister engaged in a fraud. Appellant alleges a forgery by someone with regard to the return receipt. Appellant attempts to impute knowledge of a scheme to [the Bureau] by reference to a telephone call received by [the Bureau] documented in [the Caller Comments, R.R. at 75a]. The entry, in full, is as follows:

---

[15] Section 602(h) of the RETSL provides: "[n]o sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section." 72 P.S. § 5860.602(h).

12

> [Appellant's mother c]alled to state that [Appellant] is no longer going to pay these taxes for the [P]roperty. [Appellant] has moved to another house at the end of the [P]roperty. [Appellant] will not sign over the title to her sister Jessica. I told [Appellant's mother that] she can do a tax release and have the taxes sent in her name but the title and ownership would still be under [Appellant's name]. [Appellant's mother] said she will wait for it to go to tax sale and bid on it there. I told [Appellant's mother that] she would receive a bill of sale if they [sic] were the highest bidder. [Appellant's mother] said she will try to talk to [Appellant] about possibly signing it over or contact an attorney to see what else she can do.

> This communication does not establish a "scheme" to defraud Appellant, and certainly does not impute knowledge of any such "scheme" to [the Bureau]. Further, this communication predates the mailing of the challenged certified mail notice by one (1) year. Appellant, herself, acknowledged that she provided no notice that she was not receiving mail at the [P]roperty, to which the notices were sent.

Trial Court Opinion at 2-3.

We agree that Appellant's equity argument regarding alleged fraud based on her mother or sister having possibly forged her signature does not entitle Appellant to relief. As discussed *supra*, the Bureau complied with its notice requirements under the RETSL, including mailing the Notice of Sale to Appellant at least 30 days prior to the scheduled Upset Sale.[16] The return receipt verification card from the mailed Notice of Sale came back to the Bureau signed with Appellant's

---

[16] We observe that the Bureau in fact mailed the Notice of Sale more than 60 days before the scheduled Upset Sale.

name. This satisfied the mailing notice requirement, regardless of whether Appellant herself actually signed the return receipt, and even if Appellant did not actually receive the notice and had no knowledge of the Upset Sale. *See FS Partners*. Accordingly, the Trial Court did not err by overruling the Amended Objections to the extent they sought an equitable remedy from the Trial Court based on the purportedly forged signature on the Notice of Sale return receipt verification card.

## IV. Conclusion

For the above reasons, we find no error in the Trial Court overruling the Amended Objections.

_____
CHRISTINE FIZZANO CANNON, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


In Re: Upset Sale, Tax Claim Bureau   :
of Tioga County Control No. 00014306  :
(Joleen George)                        :
                                    :   No. 908 C.D. 2022
Appeal of: Joleen R. George       :


# O R D E R


AND NOW, this 20th day of October, 2023, the July 21, 2022 order of the Court of Common Pleas of Tioga County is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge