FS Partners,                          :
          Appellant          :
                            :
          v.                :  No. 1109 C.D. 2015
                            :  Argued: December 7, 2015
York County Tax Claim Bureau          :
and Thomas R. Steele                  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED: January 7, 2016**


      This is an appeal filed by FS Partners (FS) from a decision of the Court of Common Pleas of York County (trial court) overruling its objections and exceptions to an upset tax sale of a property in North Codorus Township, York County that it owned (the Property). For the reasons set forth below, we affirm.

      FS is a Pennsylvania general partnership whose partners are Jerry T. Stahlman, a professional engineer, and Fitz & Smith, Inc., a corporation in the business of excavating and paving. (Stahlman Dep. at 5-6, 11, Reproduced Record (R.R.) at 80, 82; Smith Dep. at 25, R.R. at 85; Partnership Agreement, R.R. at 99-103.) Timothy Smith is the representative of Fitz & Smith, Inc. who signed the FS partnership agreement on its behalf and who deals with matters concerning FS on Fitz & Smith, Inc.'s behalf. (Smith Dep. at 26-27, R.R. at 85-86.) FS was formed to acquire and develop the Property and purchased the Property in 2003. (Partnership Agreement ¶¶1, 5, R.R. at 99-100; Deed, R.R. at 114-120.) The deed

to the Property lists the owner of the Property as "FS Partners, a Pennsylvania general partnership" and York County Tax Claim Bureau (Bureau) records list the owner of the Property as "FS Partners." (Deed, R.R. at 114; Bureau Tax File, R.R. at 150, 152.) Two recorded 2003 mortgages on the Property, which were paid off before August 2014, list FS as the mortgagor and are signed by Stahlman and by Smith as a representative of Fitz & Smith, Inc. (Lynwood Mortgage, R.R. at 121-125; Peoples Bank Mortgage, R.R. at 130-137; Smith Dep. at 29, 31-34, R.R. at 86-87; Stahlman Dep. at 14-16, R.R. at 82-83.) The Property consists of approximately 20 acres of unoccupied, wooded land that has a street, water line and storm sewer running through it. (Stahlman Dep. at 7-8, R.R. at 81.)

FS's principal place of business is 139 East Market Street, York, Pennsylvania, 17401, a building owned by Stahlman that is also Stahlman's business address. (Trial Court Op. at 2; Partnership Agreement ¶¶2, 3, R.R. at 99; Stahlman Dep. at 5-6, 12-13, R.R. at 80, 82.) Stahlman keeps a file of all FS paperwork, handles payment of FS's bills, including real estate tax bills, and is the designated tax matters partner on FS's federal tax return. (Stahlman Dep. at 7-9, 12-14, R.R. at 81-82; Smith Dep. at 27-28, R.R. at 86; FS 2013 Federal Partnership Income Tax Return, R.R. at 106.) The address of Fitz & Smith, Inc. is 483 Locust Street, Dallastown, Pennsylvania. (Partnership Agreement ¶3, R.R. at 99.)

FS did not pay its 2012 real estate taxes for the Property. (Bureau Tax File, R.R. at 150, 152; Stahlman Dep. at 8-9, R.R. at 81.) Stahlman knew that the taxes were unpaid and did not intend for FS to pay the real estate taxes until a notice of tax sale was received. (Trial Court Op. at 2; Stahlman Dep. at 8-9, R.R. at 81.) The Bureau published notice that the Property would be sold at a tax sale in the York Daily Record and posted a notice of the tax sale on the Property more

2

than 30 days before September 25, 2014. (Steele Dep. at 38-43, R.R. at 88-90; Bureau Tax File, R.R. at 151.) Neither Stahlman nor Smith visited the Property in 2014 and neither was aware of the posting or published notice of tax sale. (Trial Court Op. at 2-3; Stahlman Dep. at 8, 10, R.R. at 81; Smith Dep. at 30, 34-35, R.R. at 86-88.)

The Bureau also sent a notice of the tax sale by certified mail to FS at its 139 East Market Street, York, Pennsylvania, 17401 address on August 22, 2014, notifying FS that the Property would be sold at a tax sale on September 25, 2014. (Bureau Tax File, R.R. at 153.) The Bureau received a certified mail receipt from the U.S. Postal Service showing that the notice of tax sale was delivered at 11:19 a.m. on August 26, 2014 and showing a signature of an individual who signed for it. (*Id.*, R.R. at 157.) The signature, signed on an electronic signature pad, is of poor quality but appears similar to Stahlman's signature on other documents. (Trial Court Op. at 5; *compare* Bureau Tax File, R.R. at 157 *with* Partnership Agreement at 5, R.R. at 103 *and* Lynwood Mortgage at 5, R.R. at 125.) No further notice of tax sale was mailed to FS or Stahlman and no notice of the tax was sent to Smith or Fitz & Smith, Inc.

On September 25, 2014, the Bureau sold the Property to appellee Thomas R. Steele (Purchaser) at an upset tax sale. (Trial Court Op. at 1-2; Objections and Exceptions ¶4, R.R. at 5; Reply to Objections and Exceptions ¶4, R.R. at 45.) Purchaser's successful bid was $20,000 (a total of $21,458.76, including transfer taxes and recording fees). (Objections and Exceptions ¶5, R.R. at 5; Reply to Objections and Exceptions ¶5, R.R. at 45; Bureau Tax File, R.R. at 156.) The upset price set by the Bureau was $6,630.44. (Objections and

3

Exceptions ¶5, R.R. at 5; Reply to Objections and Exceptions ¶5, R.R. at 45; Bureau Tax File, R.R. at 156.)

FS filed a petition to set aside the tax sale, which was amended by stipulation to objections and exceptions to the tax sale, challenging the sufficiency of the notice of the tax sale under the Real Estate Tax Sale Law.[1] In its objections and exceptions, FS named both the Bureau and Purchaser as respondents. (Objections and Exceptions ¶¶2-3, R.R. at 5.) The parties submitted to the trial court depositions of Stahlman, Smith and Purchaser, an affidavit of a handwriting expert, and the Bureau file concerning the Property. The trial court decided the objections and exceptions on that record, with oral argument and briefs from the parties. No evidentiary hearing was requested by any party; FS sought only that an argument date be set. (Petition for Order for Rule to Show Cause at 2.)

Stahlman testified in his deposition that he never saw the August 2014 tax sale notice, but admitted that he received a later notice sent by the Bureau to the same address advising that the Property had been sold and that when he received that later notice he never looked in the file where he kept FS papers to see if he had the August 2014 tax sale notice in his file. (Stahlman Dep. at 8, 11-12, R.R. at 81-82.) Stahlman testified that the printed name on the certified mail receipt was not written the way that he prints his name and that, with respect to the signature, "I can't verify that it's my signature" and "I don't recognize" the certified receipt signature "as my signature." (*Id.* at 17-19, 24-25, R.R. at 83-85.) Stahlman admitted that he was not away on vacation on Tuesday, August 26, 2014, that he was generally at the 139 East Market Street office about 60% of the time on

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

4

workdays, and that he "could very well have been there" at the time the certified mail receipt was signed. (*Id.* at 9-10, 19, R.R. at 81, 84.) Stahlman testified that he was the only person who worked regularly at 139 East Market Street and that although he has some "subcontract people that I do work with that come and go" and the building is an apartment building, he could not say "who might have been in there that day," other than himself. (*Id.* at 9, 19, R.R. at 81, 84.)

The handwriting expert whose affidavit was submitted by FS concluded that she could not determine whether or not the certified mail receipt was signed by Stahlman because the poor quality of the certified mail receipt signature and the insufficiency of the samples of Stahlman's signature that were provided to her prevented a full comparison and a determination whether the certified mail receipt signature "was freely and naturally executed." (Miller Affidavit & Report, R.R. at 59-65.) Neither Stahlman nor the handwriting expert, however, opined that the signature on the certified mail receipt was not a signature of Stahlman's name.

On June 24, 2015, the trial court issued an order and opinion overruling the objections and exceptions and confirming the sale of the Property to Purchaser. FS timely appealed the trial court's decision to this Court.[2]

---

[2] In tax sale cases, this Court's review is limited to determining whether the common pleas court abused its discretion, clearly erred as a matter of law, or rendered a decision with a lack of supporting evidence. *Dwyer v. Luzerne County Tax Claim Bureau*, 110 A.3d 223, 225 n.2 (Pa. Cmwlth. 2015). FS's contention that this appeal must be reviewed under the standard for review for summary judgment is without merit. As noted above, FS did not request a testimonial hearing or object to the trial court adjudicating the case on the depositions and other written evidence submitted by the parties. The trial court therefore properly ruled on FS's objections and exceptions as the fact finder on the record submitted to it.

5

Section 602 of the Real Estate Tax Sale Law requires a tax claim bureau to provide notice of a tax sale by three separate methods: publication at least 30 days prior to the sale, posting of the property at least 10 days prior to the sale and notification sent to the owner or owners by certified mail at least 30 days prior to the sale. 72 P.S. § 5860.602; *Krumbine v. Lebanon County Tax Claim Bureau*, 663 A.2d 158, 159-60 (Pa. 1995); *In re Upset Tax Sale Held 11/10/97*, 784 A.2d 834, 836 (Pa. Cmwlth. 2001). Each of these notices must be given for a tax sale to be valid. *Upset Tax Sale Held 11/10/97*, 784 A.2d at 836; *Perma Coal-Sales, Inc. v. Cambria County Tax Claim Bureau*, 638 A.2d 329, 330 (Pa. Cmwlth. 1994) (*en banc*). Section 602(e) provides, with respect to certified mail notice, that:

> … notice of the sale shall also be given by the bureau as follows:
> (1)   At least thirty (30) days before the date of sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.
> (2)   If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e)(1), (2).

In this Court, FS challenges only the sufficiency of the certified mail notice; FS does not dispute that the Bureau satisfied the requirements of notice by

6

publication and posting of the Property and does not challenge content of any of the notices given by the Bureau. FS contends that the Bureau's certified mail notice was deficient on two grounds: 1) that it was not proven that Stahlman himself signed the certified mail receipt and actually received the notice of tax sale; and 2) that the Bureau did not send a separate notice of the tax sale to the other partner in FS, Fitz & Smith, Inc.

FS's argument that the certified mail receipt was insufficient is without merit. When exceptions are filed to a tax sale, the burden of proof is on the tax claim bureau to prove compliance with the notice requirements of the Real Estate Tax Sale Law. *In re 2005 Sale of Real Estate by Clinton County Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 723 (Pa. Cmwlth. 2007); *Difenderfer v. Carbon County Tax Claim Bureau*, 789 A.2d 366, 368 (Pa. Cmwlth. 2001). This does <u>not</u>, however, require proof that the property owner actually signed the certified mail receipt or actually received the notice. Rather, the tax claim bureau must only show that it <u>sent</u> all required notices to the property owner or owners, <u>not that the owner or owners actually received the notice of tax sale.</u> 72 P.S. § 5860.602(h); *Upset Tax Sale Held 11/10/97*, 784 A.2d at 837. Section 602(h) of the Real Estate Tax Sale Law provides that "[n]o sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section." 72 P.S. § 5860.602(h).

Here, it was shown that the Bureau fully complied with Section 602(e) with respect to the notice of the tax sale that it sent to FS. The record showed and the trial court found that certified mail notice was sent to FS at its correct address more than 30 days before the September 25, 2014 tax sale, and that a signed return

7

receipt evidencing delivery was obtained. (Trial Court Op. at 2, 5; Bureau Tax File, R.R. at 153, 157; Partnership Agreement ¶2, R.R. at 99; Stahlman Dep. at 6, R.R. at 80.) The evidence established and the trial court found that the signature on the receipt appeared to be Stahlman's signature. (Trial Court Op. at 5; Bureau Tax File, R.R. at 157; Partnership Agreement at 5, R.R. at 103; Lynwood Mortgage at 5, R.R. at 125.) Stahlman was authorized to act for FS in receiving tax notices and paying its taxes. (Stahlman Dep. at 7-9, 12-14, R.R. at 81-82; Smith Dep. at 27-28, R.R. at 86; FS 2013 Federal Partnership Income Tax Return, R.R. at 106.)

FS is correct that a signature on the return receipt of a name other than that of the owner or an individual authorized to sign for the owner is insufficient to satisfy the tax bureau's certified mail notice obligation. *Perma Coal-Sales, Inc.*, 638 A.2d at 331 (signatures of persons who lacked authority to act for corporation insufficient); *Gill v. Tax Claim Bureau of Monroe County*, 616 A.2d 198, 199 (Pa. Cmwlth. 1992) (wife's signature of her own name insufficient to constitute return receipt for husband's notice); *Ali v. Montgomery County Tax Claim Bureau*, 557 A.2d 35, 37 (Pa. Cmwlth. 1989) (signature of name other than owner insufficient absent evidence that signer had authority to accept mail for owner); *Mangine Appeal*, 487 A.2d 45, 46-47 (Pa. Cmwlth. 1985) (wife's signature of her own name insufficient to constitute return receipt for husband's notice); *see also Estate of Smith v. Pike County Tax Claim Bureau*, (Pa. Cmwlth., No. 841 C.D. 2011, filed Dec. 19, 2011), slip op. at 8-9, 2011 WL 10844286 at *4 (return receipt stamp of post office not shown to have authorization to accept mail for owner insufficient). The signature here, however, was in the name of an individual authorized to act for

FS and accept tax notices on its behalf. Lack of authority was therefore not an issue here and cannot invalidate the notice.

Contrary to FS's contentions, no showing was required that Stahlman was the person who actually received and signed the certified mail receipt. As noted above, the issue on objections and exceptions to a tax sale is the sufficiency of the tax bureau's actions in sending the required notices. 72 P.S. § 5860.602(h). Accordingly, where the signature on the certified mail receipt appears to be the signature of the owner or of an individual authorized to act for the owner, the tax claim bureau has satisfied its certified mail notice obligations and the tax sale cannot be set aside for failure to provide certified mail or regular mail notice, even if the signature was <u>not</u> the actual signature of the owner or its agent and the owner did not receive the notice and had no knowledge of the tax sale. *Upset Tax Sale Held 11/10/97*, 784 A.2d at 835-37 (return receipt bearing signature of husband-owner's name was sufficient to satisfy certified mail notice requirement with respect to husband-owner, even though wife signed his name and did not inform him of tax sale); *McCartan v. Montgomery County Tax Claim Bureau*, (Pa. Cmwlth., No. 1162 C.D. 2007, filed June 2, 2008), slip op. at 2-3, 6-8, 2008 WL 9398624 at *1-*3 (return receipt purportedly bearing owner's signature sufficient to satisfy certified mail notice requirement, despite claims that owner was away at the time and that signature was forged). Because the signature on the return receipt appeared to be Stahlman's signature, the Bureau satisfied its notice obligation regardless of whether Stahlman actually signed the receipt, and his claim that he did not receive the certified mail notice, even if found credible, could not invalidate the sale. *Upset Tax Sale Held 11/10/97*, 784 A.2d at 837. Accordingly,

9

the trial court did not err in finding that the certified mail notice to FS was sufficient under the Real Estate Tax Sale Law.[3]

FS's contention that the Real Estate Tax Sale Law required the Bureau to give certified mail notice to each of its two partners likewise fails. The Real Estate Tax Sale Law requires that the certified mail notice be sent to "each owner as defined by this act." 72 P.S. § 5860.602(e)(1). Section 102 of the Real Estate Tax Sale Law defines "owner" in relevant part as

> the person in whose name the property is last registered, if registered according to law, or, if not registered according to law, the person whose name last appears as an owner of record on any deed or instrument of conveyance recorded in the county office designated for recording and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property ….

72 P.S. § 5860.102 (emphasis added). Individual notice to each partner in a general partnership is therefore required where the partners are listed on the deed or in the tax records. *Dwyer v. Luzerne County Tax Claim Bureau*, 110 A.3d 223, 224-26 (Pa. Cmwlth. 2015); *Boehm v. Barnes*, 437 A.2d 784, 785-86 (Pa. Cmwlth. 1981). Here, however, FS was the only owner of the Property listed in the Bureau's tax records and the recorded deed. (Deed, R.R. at 114; Bureau Tax File,

---

[3]  *Difenderfer*, relied on by FS, does not support FS's contention that the certified mail receipt was insufficient. *Difenderfer* did not involve sufficiency of a certified mail receipt or legibility of a signature. Rather, the issue there was the date that the 10-day first-class notice was sent after no return receipt was received, and the Court held that there was no evidence that notice was sent more than 10 days before the tax sale because the date on the postmark was completely illegible and there was no other evidence as to when it was sent. 789 A.2d at 367-68. In this case, there was no dispute that the date of the certified mail notice complied with the statute and a return receipt was signed.

10

R.R. at 150, 152.)  The names of the partners in FS, Stahlman and Fitz & Smith, Inc., do not appear in either the deed or the tax records.  Accordingly, FS, as the only "person in whose name the property is last registered" or "person whose name last appears as an owner of record," 72 P.S. § 5860.102, was the only "owner as defined by this act" entitled to the certified mail notice under Section 602.  72 P.S. § 5860.602(e)(1).  *See Krumbine,* 663 A.2d at 160 (holding that only the "grantees listed on the conveyance document … could have been the 'owner(s)' of the property to whom the Tax Bureau was required to send certified mail notice of the tax sale").

The fact that FS is a general partnership does not require that separate notices of a tax sale be given to each of its partners.  Under the Uniform Partnership Act, a general partnership can hold title to real property in its own name.  15 Pa. C.S. § 8313(c).  Although one partner in a general partnership does not have authority to bind the partnership to a sale of the partnership's entire real property, 15 Pa. C.S. §§ 8321(c), 8322(a), the Uniform Partnership Act does not require that notices with respect to a general partnership be sent to all partners.  To the contrary, the Uniform Partnership Act provides that notice to any partner in a general partnership concerning partnership affairs operates, absent fraud by a partner, as sufficient notice to the partnership.  15 Pa. C.S. § 8324; *Gwin Engineers, Inc. v. Cricket Club Estates Development Group*, 555 A.2d 1328, 1330 (Pa. Super. 1989); *see also*  Pa. R.C.P. No. 423 (service of process in an action brought against a partnership and its partners may be made by serving only one partner).

FS argues that this Court has held that certified mail notice must be sent to each partner where the property owner is a general partnership.  That

11

misstates this Court's holdings. In *Dwyer* and *Boehm*, where this Court required separate notices of tax sale to each partner, the partners were listed on the deed or tax records. *Dwyer*, 110 A.3d at 224 (property was registered in assessor's office as owned by the two partners); *Boehm*, 437 A.2d at 785 ("[t]he deed and mortgage to the property, and presumably the tax records," listed the two partners by name as owning the property as partners). Nothing in either of these decisions holds that such notice is required where only the partnership is named in the deed and tax records. In *Dwyer*, the Court held that the individual partners were entitled to notice because the registration of the property in their individual names made them each an "owner" under Section 102 of the Real Estate Tax Sale Law, not because partnership ownership of property requires notice to the partners. 110 A.3d at 224-26. In *Boehm*, although the Court based its ruling on the nature of partnership property rather than the language of Section 102 of the Real Estate Tax Sale Law, the Court specifically held that "the bureau is under no obligation to notify 'silent' partners or those partners whose names do not appear on tax records." 437 A.2d at 785-86.

While this Court has characterized *Boehm* as holding that "where a partnership stands as owner of a property, notwithstanding the prior mailing of tax bills to one partnership address, each partner required separate notice of a tax sale on the property," *Stanford–Gale v. Tax Claim Bureau of Susquehanna County*, 816 A.2d 1214, 1218 (Pa. Cmwlth. 2003); *In re Consolidated Return of Luzerne County Tax Claim Bureau*, (Pa. Cmwlth., No. 2091 C.D. 2013, filed July 30, 2014), slip op. at 6, 2014 WL 3756244 at *3 (quoting *Stanford–Gale*), those statements are *dicta* and do not change the holding in *Boehm* that notice to partners is not required where the their names do not appear in the property or tax records.

12

Neither *Stanford–Gale* nor *Luzerne County Tax Claim Bureau* involved partnership property or required notice to a person whose name did not appear on the deed or tax record. *Stanford–Gale*, 816 A.2d at 1218-19 (notice to one of two co-administrators of estate was sufficient for tax sale of estate property to be valid); *Luzerne County Tax Claim Bureau*, slip op. at 1-3, 7-10, 2014 WL 3756244 at *1, *4-*5 (tax sale invalid because separate notices were not sent to each record owner where property was jointly owned by family members).

*Tracy v. County of Chester Tax Claim Bureau*, 489 A.2d 1334 (Pa. 1985), relied on by FS, is also inapplicable here. In *Tracy*, the Pennsylvania Supreme Court held that a tax sale of partnership property must be set aside where the only notice was sent to the partnership at a former address of one partner, who had left the partnership, and that notice was returned as undelivered. As here, the deed and tax records contained only the name of the partnership and did not list the individual partners. *Id*. at 1335. The issue addressed by the Court in *Tracy*, however, was not whether notice must be sent to each individual partner when notice has been successfully sent to the partnership itself, but what the tax bureau must do where the notice is not sent to the correct partnership address and is not successfully delivered. The Court in *Tracy* held only that the taxing authority must undertake additional reasonable efforts to ascertain the correct addresses of both the partnership and its partners "where the mailed notice has not been delivered because of an inaccurate address." *Id*. at 1338-39 (emphasis omitted). There is no dispute that the address to which the Bureau sent certified mail notice here was the correct partnership address, and the Bureau received a signed return receipt showing successful delivery of the notice of tax sale.

13

Because the trial court correctly concluded that the Bureau satisfied its notice obligations under Section 602(e) of the Real Estate Tax Sale Law and its decision is supported by the evidence in the record, we affirm.


_____

JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

FS Partners, :
          Appellant :
              :
          v. : No. 1109 C.D. 2015
              :
York County Tax Claim Bureau :
and Thomas R. Steele :

## **O R D E R**

AND NOW, this 7th day of January, 2016, the order of the Court of Common Pleas of York County in the above-captioned matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge