IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: 2018 Tax Claim Judgment     :
                                      :   No. 1399 C.D. 2019
Appeal of: Mearle Weyant         :   SUBMITTED: February 9, 2021

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                     FILED: March 10, 2021

Mearle Weyant (Taxpayer) appeals from the September 25, 2019 order of the Court of Common Pleas of Blair County (trial court), denying Taxpayer's post-trial motions, which objected to an upset tax sale disposing of Taxpayer's real property. The issue on appeal is whether notice of the upset tax sale was made as required by Section 602 of the Real Estate Tax Sale Law (RETSL).[1] After review, we affirm.

## I. Background

Taxpayer owns real property located in Greenfield Township, Pennsylvania, which consists of 40.41 acres and at least two structures (Property), including a white shed (Shed) located at the edge of the property and a garage from which Taxpayer operates his construction business. Original Record (O.R.), Notes of Transcript (N.T.), 3/25/19, at 25, Ex. Nos. P-6, P-7, P-10, D-12.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602. Section 602(a) of RETSL relevantly provides that notice of an upset tax sale must be made at least 30 days prior to the date of sale by publication in two newspapers of general circulation within the county and in the county legal journal. 72 P.S. § 5860.602(a). Notice must also be made 30 days before the date of the sale by certified mail, restricted delivery, to the property owner, and by posting on the property at least 10 days prior to the sale date. 72 P.S. § 5860.602(e)(1), (2). Taxpayer has not argued that notice was not made by publication as required by Section 602(a).

After Taxpayer failed to pay real estate taxes assessed on the Property for 2016 and 2017, the Blair County (County) Tax Claim Bureau (Bureau) sent Taxpayer Notices of Return and Claim by certified mail on March 7, 2017, and March 1, 2018, advising Taxpayer that the Property would be sold in the event he failed to satisfy the taxes owed.[2] O.R., N.T., *id.*, Ex. Nos. D-2, D-3. The Bureau mailed the notices to Taxpayer's home address at Beaver Dam Road in Claysburg, Pennsylvania. *Id.* Taxpayer signed certified mail receipts for both notices. *Id.*

On April 3, 2018, the Bureau mailed a Notice of Public Sale (Notice) to Taxpayer's home address, advising Taxpayer that the Property would be exposed to public sale on September 19, 2018, due to delinquent real estate taxes. *Id.*, Ex. No. D-5. The United States Postal Service (USPS) sent the Bureau an electronic notification indicating that the Notice was delivered to Taxpayer's home address on April 16, 2018. *Id.* The electronic notification included a scanned copy of the certified mail receipt, which purportedly contained Taxpayer's signature. *Id.* The Bureau posted the Notice on the Shed on May 1, 2018, and published it in two newspapers of general circulation and in the County Legal Bulletin on August 16, 2018. *Id.*, Ex. Nos. D-6, D-9.

The Property was sold at an upset tax sale held on September 19, 2018. O.R., Item No. 6. Taxpayer objected to the sale on the basis that he did not receive notice by certified mail as required by Section 602 of RETSL. O.R., Item No. 26. Taxpayer also challenged the posting of the Notice as ineffective because he did not own the Shed or the real property upon which it was located. *Id.*

---

[2] The March 7, 2017 notice indicated that Taxpayer owed a total of $448.69 in delinquent taxes for 2016. O.R., N.T., 1/2/19, Ex. No. D-2. The March 1, 2018 notice included the 2017 real estate tax assessment and penalties, which increased the total amount owed to $1,214.92. *Id.*, Ex. No. D-3.

At a March 25, 2019 hearing before the trial court, Taxpayer's neighbor, George Deffibaugh, testified that his home is located across an alleyway from the Property. O.R., N.T., 3/25/19, at 5. Deffibaugh believed that his property line ran along a ditch next to the alleyway, and that the Shed was located on "[Deffibaugh's] side." *Id.* at 5-6. Deffibaugh stated that his truck is parked next to the Shed, which he walks by "[e]very day." *Id.* at 6, 11. Several other vehicles owned by Deffibaugh are also parked next to the Shed. *Id.* at 22. Deffibaugh testified that he did not see the Notice posted by the Bureau, and he would have contacted Taxpayer if he had seen it. *Id.* at 6. Deffibaugh's brother, who resides with him, also testified that he never saw the Notice posted on the Shed. *Id.* at 23.

Taxpayer testified that Deffibaugh owns the Shed and he also believed it was located on Deffibaugh's property, as Taxpayer thought he "owned to the ditch line" located behind the rear of the Shed. *Id.* at 26-27. Taxpayer stated that he is at the Property every day, but he does not use, or have access to, the Shed. *Id.* at 26, 33.

Taxpayer confirmed that mail was sent to his home address and that he received, and signed, the March 7, 2017 and March 1, 2018 Notices of Return and Claim. *Id.* at 29-30. Taxpayer denied he received the subsequent Notice mailed to his home address on April 3, 2018, and he testified that the signature on the USPS electronic notification was not his, as it was "spread out," and he "never write[s] like that." *Id.* at 30, 43. Taxpayer was not aware that anyone else ever checked his mail or signed for items mailed with restricted delivery. *Id.* at 41.

Taxpayer admitted that he received Notices of Public Sale for a different property located on Bedford Street in Greenfield Township (Bedford Street Property). *Id.* at 44. Taxpayer signed the certified mail receipts for the notices related to the Bedford Street Property, which were dated March 7, 2017, and March

3

1, 2018, and mailed to his home address. *Id.* at 46, Ex. No. D-10. Taxpayer denied receiving a subsequent notice for the Bedford Street Property dated April 3, 2018, which was also mailed to his home address, and he asserted that the scanned signature on the USPS electronic notification was "not even close" to his. *Id.* However, Taxpayer did not think anyone had "criminally sign[ed his] name" to any documents. *Id.* at 54.

Ann Kociola, a Certified Pennsylvania Evaluator with the County Assessment Office, testified that she personally inspected the Property and Deffibaugh's property, and she reviewed the deeds related to those properties. *Id.* at 65. Based on her review of the deeds, and the property descriptions contained therein, Kociola confirmed that the Shed is located on the Property. *Id.* at 65-66, Ex. Nos. D-11, D-12. The Bureau introduced an aerial view of a tax map generated by the County Assessment Office which delineated the boundary lines of the Property. *Id.* at 66, Ex. No. D-13. Kociola noted that the Shed is located within the boundary line of the Property. *Id.* at 67. Taxpayer did not present any evidence to refute Kociola's testimony or the documentary evidence introduced by the Bureau.

In an opinion and order dated August 2, 2019, the trial court found that the Notice posted on the Shed was conspicuous and visible to the public. O.R., Item No. 27, Finding of Fact (F.F.) No. 26. Although Deffibaugh owned the Shed, and both he and Taxpayer believed it was located on Deffibaugh's property, it was actually situated on the border of the Property. F.F. Nos. 29, 33-34.

Having considered the testimony and documentary evidence presented, the trial court found that the Bureau satisfied the certified mail requirements of Section 602 of RETSL when it sent the Notice by certified mail to Taxpayer's home address and obtained certified mail receipts which bore Taxpayer's signature. O.R., Item

4

No. 27 at 16. The trial court recognized that Taxpayer denied the veracity of the signature on the electronic certified mail receipt sent by USPS. *Id.* at 16. This signature was "strikingly similar," however, to those which Taxpayer admitted were his. *Id.* at 16-17. Citing *FS Partners v. York County Tax Claim Bureau*, 132 A.3d 577, 581 (Pa. Cmwlth. 2016), the trial court noted that Section 602 of RETSL did not require proof that Taxpayer signed the certified mail receipts or that he actually received notice. *Id.* at 17. Rather, the Bureau only had to show that it sent Taxpayer all required notices; it was not obligated to verify whether the signatures on the certified mail receipts belonged to Taxpayer. *Id.* at 16-17.

The trial court also dismissed Taxpayer's objection with regard to the sufficiency of the posting. Tax maps provided by the County Assessment Office confirmed that the Shed upon which the Notice was posted is located on the Property. *Id.* at 19. The Notice was visible from the publicly accessible alleyway located alongside the Shed, which was observable by Deffibaugh and other property owners, as well as the public at large. *Id.* Therefore, the trial court found that the Bureau complied with the posting requirements of Section 602 of RETSL. Accordingly, the trial court overruled Taxpayer's objections and upheld the sale of his property at the September 19, 2019 upset tax sale. *Id.* Taxpayer filed post-trial motions on August 12, 2019, which the trial court denied on September 24, 2019.

On appeal,[3] Taxpayer argues that the trial court erred in overruling his objections because the Bureau failed to satisfy the certified mail and posting requirements of Section 602 of RETSL.

---

[3] Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *777 L.L.P. v. Luzerne Cnty. Tax Claim Bureau*, 111 A.3d 292, 296 n.3 (Pa. Cmwlth. 2015).

## II. Analysis

First, we address whether the trial court erred in concluding that the Bureau complied with the certified mailing requirements in Section 602(e)(1) of RETSL, which mandates that the Bureau provide a property owner notice of the sale at least 30 days prior to the date of the sale by USPS certified mail, restricted delivery, return receipt requested, postage prepaid. 72 P.S. § 5860.602(e)(1). Taxpayer maintains that he did not receive the April 3, 2018 Notice and that the scanned signature in the USPS electronic receipt notification is not his.

The Bureau has the burden of proving compliance with the statutory notice provisions of RETSL. *In re Tax Sale of Real Prop. Situated in Jefferson Twp.*, 828 A.2d 475, 478 (Pa. Cmwlth. 2003). These provisions are to be strictly construed, and compliance with said provisions is essential to prevent the deprivation of property without due process. *Id.* at 479. If any of the three types of notice – publication, posting, or mail – is defective, the tax sale is void. *In re Consol. Reports & Return by Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 645 (Pa. Cmwlth. 2016).

Section 602(e)(1) of RETSL does not require that the Bureau prove Taxpayer "actually signed the certified mail receipt or actually received the notice." *FS Partners*, 132 A.3d at 581. The Bureau need only show that it *sent* all required notices to Taxpayer, not that he "*actually received the notice of tax sale*." *Id.* (emphasis in original). Questions of credibility, conflicts in the evidence, and the weight assigned to the evidence, are matters for the fact finder to resolve and will not be disturbed on appeal. *Matter of Krzysiak*, 151 A.3d 292, 297 (Pa. Cmwlth. 2016).

6

In concluding that the Bureau complied with the notice provisions in Section 602(e)(1) of RETSL, the trial court relied on our decision in *FS Partners*, the relevant facts of which are as follows.

The taxpayer in *FS Partners* (FS) was a general partnership, which owned property consisting of 20 acres of wooded and unoccupied land. *FS Partners*, 132 A.3d at 578. After FS failed to pay its 2012 real estate taxes, the county tax claim bureau (bureau) sent a notice of tax sale by certified mail to FS's principal place of business.[4] *Id.* at 579. The USPS provided the bureau a certified mail return receipt which documented receipt of the notice by one of FS's partners, Jerry Stahlman, whose signature was captured by an electronic signature pad. *Id.* The property was subsequently sold at an upset tax sale. *Id.* FS sought to set aside the sale on the basis that it did not receive notice by certified mail. *Id.* at 580. Stahlman testified that he could not verify the signature on the certified mail return receipt was his and that the printed name "was not written the way" Stahlman typically printed his name. *Id.* Stahlman admitted he was the only person who regularly worked at FS's principal place of business and he could not say who else might have been in the building on that day. *Id.* The common pleas court overruled FS's objections to the tax sale and FS appealed to this Court, which affirmed. *Id.*

This Court recognized that the bureau bore the burden of proving compliance with the notice provisions in RETSL. *Id.* at 581. The bureau was not, however, required to prove "that the property owner actually signed the certified mail receipt or actually received the notice." *Id.* Rather, the bureau was only required to show that it "*sent* all required notices to the owner or owners, *not that the owner or owners actually received the notice of tax sale." Id.* (emphasis in original). The bureau

---

[4] FS did not dispute that the bureau complied with the publication and posting requirements of RETSL. *FS Partners*, 132 A.3d at 581.

demonstrated that it sent the tax sale notice to FS at the correct address more than 30 days prior to the date of the sale, the bureau received a signed certified mail receipt, and the trial court found that the signature on the receipt appeared to be that of Stahlman, who was authorized to act on FS's behalf. *Id.* at 582. We concluded that the bureau complied with the certified mail requirement in Section 602(e)(1) of RETSL, and the tax sale could not be set aside on that basis, "even if the signature was *not* the actual signature of the owner," and the owner did not receive the notice and had no knowledge of the tax sale. *Id.* (emphasis in original).

Instantly, Taxpayer has not disputed the Bureau's evidence demonstrating it mailed the required Notice by certified mail to the correct address. Rather, Taxpayer argues he did not receive the Notice and he contends that the signature in the electronic certified mail receipt is not his. The trial court found that this signature was "strikingly similar" to signatures on other certified mail receipts that Taxpayer acknowledged as genuine. O.R., Item No. 27, at 16-17. As the evidence shows that the Bureau sent the Notice to Taxpayer's home address by certified mail, Taxpayer's actual receipt of the Notice is irrelevant. *FS Partners*, 132 A.3d at 581-82. Accordingly, the trial court committed no error in concluding that the Bureau satisfied the certified mail notification requirements set forth in Section 602(e)(1) of RETSL.

Next, we address whether the Bureau satisfied the posting requirements of Section 602(e)(3), which provides that the property scheduled for sale shall be posted at least 10 days prior to the date of the sale. 72 P.S. § 5860.602(e)(3). RETSL does not prescribe a particular method of posting; however, the method chosen must be reasonable and likely to inform the taxpayer of an intended real property sale. *Lapp v. Cnty. of Chester*, 445 A.2d 1356, 1358 (Pa. Cmwlth. 1982).

8

Taxpayer maintains that the Bureau's posting of the Notice was insufficient, as it was placed on the Shed belonging to Deffibaugh, which was located on property he thought belonged to Deffibaugh. Taxpayer suggests that this belief is bolstered by the fact that Deffibaugh and his family park their vehicles alongside the Shed. Given that both Deffibaugh and his brother testified that they did not see the Notice posted on the Shed, Taxpayer further submits that the Notice was not conspicuously placed. He takes issue with the Bureau's failure to post the Notice on any of the "buildings" from which he operates his construction business, as they are "easily seen from the [S]hed area," or on any of the trees or property that Taxpayer would have traveled by each day. *Id.*

Taxpayer's subjective belief that the Shed was located on Deffibaugh's real property is simply not relevant, as Kociola's testimony that the Shed was situated on the Property was uncontroverted, as was the documentary evidence upon which Kociola relied. The tax map offered by the Bureau demonstrates that the Shed sits within the boundary line of the Property, and Taxpayer presented no evidence to suggest the tax map was not accurate. *See Hunter v. Wash. Cnty. Tax Bureau*, 729 A.2d 142 (Pa. Cmwlth. 1999) (county tax claim bureau reasonably relied on tax maps which identified the boundary of property sold at tax sale and there was no evidence to suggest the tax maps were inaccurate).

Taxpayer's argument that the Bureau failed to post the Notice in a conspicuous manner is based on his testimony, as well as that of Deffibaugh and his brother, that they did not see the Notice. The fact that Taxpayer and his witnesses did not see the posted Notice does not render it inconspicuously placed. *Hunter*, 729 A.2d at 144. We likewise find no merit to Taxpayer's argument that the Bureau should have posted the Notice on one of the buildings which house Taxpayer's

9

construction business because they are "easily seen from the [S]hed area," or on trees or property that Taxpayer would pass as he traveled to the Property. Taxpayer's Br. at 18. The Bureau was only required to place the Notice "somewhere on the premises for all to observe." *Hunter*, 729 A.2d at 144. It was not required to first investigate Taxpayer's driving habits or travel patterns.

In point of fact, the presence of Deffibaugh's vehicles next to the Shed acts to support the Bureau's decision to post the Notice there, as they were parked on the Property and one could reasonably believe the vehicles belonged to Taxpayer. Moreover, the tax map prepared by the County Assessment Office reveals that the Shed is located near several houses. The trial court found that the Notice was visible from the publicly accessible alleyway located alongside the Shed, which itself was observable by Deffibaugh and other property owners, as well as the public at large. As this finding is supported by substantial evidence, we will not disturb it on appeal.

### III.   Conclusion

As the record demonstrates that the Bureau satisfied both the certified mail and posting requirements set forth in Section 602 of RETSL, we affirm the trial court's August 2, 2019 order, which overruled Taxpayer's objections and upheld the sale of his property at the September 19, 2019 upset tax sale.

_____
ELLEN CEISLER, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: 2018 Tax Claim Judgment    :
                           :   No. 1399 C.D. 2019
Appeal of: Mearle Weyant      :

## **O R D E R**

AND NOW, this 10th day of March, 2021, the September 25, 2019 order of the Court of Common Pleas of Blair County is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge