8515 W. Chester Pike, LLC and : 
Delaware County Tax Claim Bureau :
  :
  :
v. :
  :
  :
Sunday Sunshine Enterprises, LLC, : No. 1528 C.D. 2024
            Appellant : Submitted: April 13, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STELLA M. TSAI, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: June 1, 2026


          Sunday Sunshine Enterprises, LLC (Appellant) appeals from the Delaware County Common Pleas Court's (trial court) October 7, 2024 order (entered October 10, 2024) granting 8515 W. Chester Pike, LLC's (Appellee) Petition for Objections/Exceptions to Upset Tax Sale (Petition to Set Aside Upset Tax Sale). Appellant presents three issues for this Court's review: (1) whether the Delaware County Tax Claim Bureau (Bureau) satisfied the notice requirements under Section 602(e)(1) and (2) of the Real Estate Tax Sale Law (RETSL);[1] (2) whether the Bureau satisfied Section 607a(a) of the RETSL's requirement to undertake additional notification efforts;[2] and (3) whether the Bureau caused the property located at 8515 West Chester Pike, Upper Darby, Delaware County, Pennsylvania (Property) to be

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602(e)(1) (notice of the sale must be given "[a]t least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by th[e RETSL]"), (2) ("If return receipt is not received from each owner," further notice is required.).

[2] 72 P.S. § 5860.607a(a) (relating to additional notification efforts).

posted with notice in compliance with Section 602(e)(3) of the RETSL.[3] After review, this Court affirms.

Appellee owns the mixed-use (residential and commercial) Property, and Appellee's registered mailing address is at the Property. The Bureau instituted proceedings to sell and convey the Property at an Upset Tax Sale after finding that the real estate taxes due from the Property's owner had not been satisfied. The Property was subjected to the Upset Tax Sale on September 21, 2023. Appellant was the successful bidder for the Property at the Upset Tax Sale.

On December 1, 2023, Appellee filed the Petition to Set Aside Upset Tax Sale, therein alleging that the Property was sold without the Bureau providing proper notice to Appellee.[4] Specifically, Appellee alleged that the Bureau failed to notify Appellee by publication, by mail, and by posting the Property and took no other reasonable steps to effectuate notice. The trial court held a hearing on August 20, 2024, wherein it heard testimony and received Exhibits I-1 through I-15, and P-1. The trial court took the matter under advisement and required the parties to submit Proposed Findings of Fact and Conclusions of Law and, thereafter, issued an order on October 7, 2024, (entered October 10, 2024) granting the Petition to Set Aside Upset Tax Sale. Appellant appealed to this Court.[5]

> Initially, "the collection of taxes may not be implemented
> without due process of law." *Husak v. Fayette Cnty. Tax*

---

[3] 72 P.S. § 5860.602(e)(3) ("Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.").

[4] The trial court granted Appellant intervenor status in the Petition to Set Aside Upset Tax Sale proceeding.

[5] "'This [C]ourt's review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion.' *City of Phila. v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016)." *City of Phila. v. Rivera*, 171 A.3d 1, 4 n.7 (Pa. Cmwlth. 2017).

2

*Claim Bureau*, 61 A.3d 302, 312 (Pa. Cmwlth. 2013). This Court has explained:

> A property owner's right to notice "prior to commencing with an upset tax sale [is] established pursuant to the Due Process Clause of the Fourteenth Amendment to the United States [(U.S.)] Constitution[, U.S. CONST. amend. XIV, § 1,] and by the [RETSL]." *Rice v. Compro Distrib*[.]*, Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006). The [U.S.] Supreme Court has held that due process is implicated in any taking of property for the collection of taxes, stating:
>
>> [P]eople must pay their taxes, and the government may hold citizens accountable for tax delinquency by taking their property. But before forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking.
>
> *Jones v. Flowers*, 547 U.S. 220 (2006). Due process is satisfied when the [tax claim b]ureau, before commencing with a tax sale, "provide[s] 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent*[.] *Hanover Bank & T*[*r.*] *Co.*, 339 U.S. 306 (1950)).

> *In re Consol. Reps. & Return by the Tax Claims Bureau of Northumberland Cnty. of Props.*, 132 A.3d 637, 644 (Pa. 2016) (*en banc*) (*Appeal of Neff*).

*In re Sale of Tax Delinq. Prop. on Oct. 19, 2020*, 308 A.3d 890, 893-94 (Pa. Cmwlth. 2024).

To ensure Pennsylvania property owners are afforded proper due process, the General Assembly, through "[t]he [RETSL,] requires that advance notice of [an upset tax] sale be given to members of the public . . . [and] each owner of the property." *In re Upset Tax Sale of Sept. 29, 2014*, 163 A.3d 1072, 1074-75

3

(Pa. Cmwlth. 2017) (footnote omitted). Specifically, Section 602 of the RETSL requires a tax claim bureau shall provide three forms of notice to the owner before exposing a property to an upset tax sale. Section 602(e)(1) of the RETSL requires **the Bureau to provide notice** of a tax sale "[a]t least thirty (30) days before the date of the sale, **by [U.S.] certified mail**, **restricted delivery**, **return receipt requested**, postage prepaid, to each owner as defined by [the RETSL]." 72 P.S. § 5860.602(e)(1) (emphasis added). Section 602(e)(2) of the RETSL mandates that "[i]f return receipt is not received from each owner," **further notice is required**. 72 P.S. § 5860.602(e)(2). Pursuant to Section 607a(a) of the RETSL, "[w]hen any notification of a pending tax sale . . . is not returned or acknowledged at all, then, . . . **the [B]ureau must exercise reasonable efforts** to discover the whereabouts of such person or entity and notify him." 72 P.S. § 5860.607a(a) (emphasis added). In addition, Section 602(e)(3) of the RETSL mandates that **the Bureau shall post notice** at "[e]ach property scheduled for sale . . . at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3).

Appellant first argues that the Bureau satisfied the notice requirements under Section 602(e)(1) and (2) of the RETSL. Section 602(e) of the RETSL provides, in relevant part:

> [N]otice of the sale shall [] be given by the [B]ureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by [U.S.] certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by th[e RETSL].
>
> (2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by [U.S.] first class mail, proof of mailing, at his last known post office address by

4

virtue of the knowledge and information possessed by the [B]ureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the [B]ureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e).

This Court has explained:

When exceptions are filed to a tax sale, the burden of proof is on the tax claim bureau to prove compliance with the notice requirements of the [RETSL]. This does *not,* however, require proof that the property owner actually signed the certified mail receipt or actually received the notice. Rather, the [Bureau] must only show that it *sent* all required notices to the property owner or owners, *not that the owner or owners actually received the notice of tax sale.*

*FS Partners v. York Cnty. Tax Claim Bureau*, 132 A.3d 577, 581 (Pa. Cmwlth. 2016) (citations omitted).

Here, the Bureau's upset tax sale coordinator, Janine Heinlein (Heinlein), testified, in relevant part:

HEINLEIN: So, . . . the very first notice that the [Bureau] has to send out per the law is a returning claim notice, certified mail, letting the homeowner know that [the Bureau] [is] now in collection of the taxes, the real estate taxes.

THE [TRIAL] COURT: And this document[, Exhibit I-8,] tells me what?

[] HEINLEIN: That notice was mailed. I do have proof of mailing. It was never returned back.

Reproduced Record (R.R.) at 31a. The Bureau sent the "TAX SALE NOTICE" "RESTRICTED DELIVERY RETURN RECEIPT REQUESTED" to "8515 W CHESTER PIKE LLC 8515 WEST CHESTER PK UPPER DARBY, PA 19082[.]" R.R. at 84a (Ex. I-

5

9).[6]  The return receipt was returned marked: "RETURN TO SENDER INSUFFICIENT

ADDRESS UNABLE TO FORWARD[.]" *Id*.  Heinlein further related:

> Q. Did you send out any additional notices to the [P]roperty owner?
>
> A. A final 10-day notice was mailed from the [M]edia post office on August 25th, 2023.
>
> Q. I'm going to hand you what's been marked [Exhibit] I-12 for identification.
>
> A. Thank you.
>
> Q. What is [Exhibit] I-12 identification [sic]?
>
> A. [Exhibit] I-12 is a copy of the final 10-day notice that was returned back to the [Bureau's] office.

R.R. at 37a.  The Bureau sent the "FINAL NOTICE" "FIRST CLASS MAIL" to "8515

W CHESTER PIKE LLC 8515 WEST CHESTER PK UPPER DARBY, PA 19082[.]"  R.R. at

88a (Ex. I-12).   The mailing was returned marked: "RETURN TO SENDER

INSUFFICIENT ADDRESS UNABLE TO FORWARD[.]"  *Id*.  Accordingly, the Bureau

showed that it satisfied the notice requirements under Section 602(e)(1) and (2) of

the RETSL.

Appellant next argues that the Bureau satisfied Section 607a(a) of the

RETSL's requirement to undertake additional notification efforts after the mailings

were returned.  Section 607a(a) of the RETSL provides:

> When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner . . . and such mailed notification is [] returned without the required receipted personal signature of the addressee . . . , then, before the tax sale can be conducted or confirmed, the [B]ureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him.  **The [B]ureau's efforts shall**

---

[6] The trial court admitted Exhibits I-1-3 and I-8-13 into evidence.  *See* R.R. at 66a.

6

**include**, but not necessarily be restricted to, **a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices**, **recorder of deeds office and prothonotary's office**, **as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property**. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in th[e RETSL].

72 P.S. § 5860.607a(a) (emphasis added).

Here, Heinlein testified:

Q. . . . As a result of the tax sale notice being returned . . . , did you perform additional efforts pursuant to [S]ection 607[a(a)] of the [RETSL]?

A. Yes.

Q. I'm going to hand you an [E]xhibit marked I-11 for identification. Can you please go through . . . your additional efforts to attempt to contact the [P]roperty owner in the absence of the tax sale notice being delivered?

A. [Exhibit] I-11 . . . the upset sale contact sheet[,] is documentation for any additional efforts. My office, the business record reflects that **my office searched the blue card** [-] [n]o phone number was found. **Memo** [-] a phone number was found along with an email address[.] [O]pen corporation [-] attached [-] shows we have a good address. **OJS** for the Office of Judicial Support [-] [n]o search found[.] Recorder of [D]eeds [-] no phone number [-] address okay.

R.R. at 35a (emphasis added); *see also* Supplemental Reproduced Record (S.R.R.) at 14b (Ex. I-11).

Heinlein continued:

Q. Did your office attempt personal contacts either by way of telephone or email as part of your additional efforts?

A. Yes.

Q. Could you please describe?

A. On September 12th, 2023[,] at 11:38 [a.m.] phone number 610[-]662[-]6310. Wireless customer is not available. Please try again later. Phone number 610[-]449[-]8282. Busy signal search attached. And an email was also sent on Tuesday, September 12th, 2023[,] at 12:04 [p.m.] to emily@comcast.net giv[ing] notice of tax sale.

Q. Where did you locate that email, emily@comcast.net?

A. It was in our note system.

Q. I understand. Did you also perform an [I]nternet search on the[] subject [P]roperty 8515 West Chester Pike?

A. Yes.

Q. Did that assist the -- your efforts at locating the [P]roperty owner?

A. What we believe. Yes.

Q. And based on those efforts, were you able to contact the owner?

A. No.

Q. On the very last page of Exhibit I-11, there is an open corporates, [I]nternet search. Is that similar to the Department of State search?

A. Yes.

Q. And what did you determine as a result of your open [c]orporates? And that's C-O-R-P-O-R-A-T-E-S search.

A. That I had a good mailing address of record.

8

Q. Which was 8515 West Chester Pike, Upper Darby?

A. Yes.

R.R. at 36a-37a; *see also* S.R.R. at 15b-19b. Because "such reasonable efforts ha[d] been exhausted, regardless of whether or not the notification efforts ha[d] been successful," the Bureau showed that it satisfied the notice requirements under Section 607a(a) of the RETSL.

Finally, Appellants argue that the Bureau caused the Property to be posted in compliance with Section 602(e)(3) of the RETSL. Section 602(e)(3) of the RETSL mandates that the Bureau shall also give notice of the sale to the owner as follows: "Each property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3).

Heinlein testified:

THE [TRIAL] COURT: What's [Exhibit] I-10?

[] HEINLEIN: [Exhibit] I-10 is the notice of public sale posting. Again, we send out the Delaware County Sheriff to post the [P]roperty that is scheduled for the upset tax sale giv[ing] notice to the public and the owner of [the] tax sale.

[Appellant's Counsel]: Do you recognize the signature of the deputy sheriff who posted the [P]roperty on September 9th, 2023[,] at 1:35 [p.m.?]

[] HEINLEIN: Yes. And the date was August 9th, 2023.

[Appellant's Counsel]: Yes.

THE [TRIAL] COURT: Is that what it says?

[Appellant's Counsel]: Do you recognize the name?

[] HEINLEIN: Yes.

[Appellant's Counsel]: Who was that?

[] HEINLEIN: William Chad [sic].

9

R.R. at 34a; *see also* Ex. I-10, R.R. at 86a (posted notice of public sale), 87a (Deputy Sheriff Affidavit).

> Deputy Sheriff William Choate (Choate) related:
>
> Q. . . . I'm going to ask you to turn to [Exhibit] I-10 for identification. Is that your signature on the affidavit of posting?
>
> A. Yes, it is.
>
> . . . .
>
> Q. Now there's some writing on the right hand side. Is that your writing on [Exhibit] I-10?
>
> A. Yes.
>
> Q. [W]hat is that part?
>
> A. It says tenant accepted [-] language barrier.
>
> Q. Okay. So when you were at the [P]roperty on August 9th, 2023, did you post the front of the [P]roperty with the notice?
>
> A. Yeah, it's a business. So, **I probably posted it** and then as a common courtesy, I've been doing it for so many years, **but if someone's in there**, that's what I probably did and saw them, **took the posting off**, went in it, and handed it to someone.

R.R. at 51a (emphasis added).

> Choate continued:
>
> THE [TRIAL] COURT: So after you posted [the notice], **did you remove your posting**?
>
> [] CHOATE: **Yeah**. Because someone's in there as a common courtesy and it looked like the --
>
> THE [TRIAL] COURT: And do you recall where that person was and what door he was [sic]?

10

[] CHOATE: Just inside the business, you know what I mean?

THE [TRIAL] COURT: On the first floor?

[] CHOATE: **Apparently**. And I didn't have to write t[he] tenant accepted language but **I heard it was just a posting**. It wasn't personal service, I believe. **Right**? **Was it personal service**? **No**?

THE [TRIAL] COURT: Okay. Well, **you personally handed [the posting] to somebody**?

[] CHOATE: **Yeah**.

THE [TRIAL] COURT: Okay.

[] CHOATE: That's why I wrote that.

THE [TRIAL] COURT: Right. Okay.

R.R. at 54a-55a (emphasis added).

Relative to Choate's testimony, the trial court declared:

[Choate's] testimony was less than absolute; he couched his testimony with words like "probably" and "I've been doing this for many years." Then [**he**] **testified that he removed the [p]osting from the front door and handed it to "someone**." [R.R. at 51a]. Th[e trial c]ourt did not credit the testimony of [Choate] who, in his effort to be candid with the [trial c]ourt, failed to provide th[e trial c]ourt with testimony that provided the [trial c]ourt with the assurance that the Property was properly posted under the [RETSL].

Trial Ct. Op. at 7-8 (emphasis added).

"The trial court has the exclusive province to weigh evidence, make credibility determinations, and to draw reasonable inferences from the evidence presented." *Weaver v. Schuylkill Cnty. Tax Claim Bureau*, 324 A.3d 711, 714 n.4 (Pa. Cmwlth. 2024). Moreover,

[b]ecause a property is not properly posted within the meaning of the [RETSL] unless it is sufficient to notify

11

> both the owner **and the public at large** of the pending sale, posting does not satisfy the statutory requirement when the notice is not conspicuous such that it will be seen by the public.

*In re Sale of Real Est. by Montgomery Tax Claim Bureau for 1997 Delinquent Taxes*, 836 A.2d 1037, 1042 (Pa. Cmwlth. 2003) (emphasis added); *see also AES Drilling Fluids, LLC v. Clearfield Cnty. Tax Claim Bureau* (Pa. Cmwlth. No. 583 C.D. 2023, filed June 9, 2025), slip op. at 22 ("If the owner can see the posting, then it may also be visible to the public, which would help to satisfy the RETSL.  However, simply **handing the notice to a property owner will be grounds for rejecting a sale**.") (emphasis added; citation omitted).[7]

Here, the trial court determined that Choate's testimony that he properly posted the Property was not credible.  Further, Choate testified that after he posted the Property, he removed the posting and handed it to a tenant.  Clearly, once Choate removed the posting from the front door and handed it to the tenant, the public could not see it.  Accordingly, the Bureau did not show that it satisfied the notice requirements under Section 602(e)(3) of the RETSL.

For the foregoing reasons, the trial court's order granting the Petition to Set Aside Upset Tax Sale is affirmed.

_____
ANNE E. COVEY, Judge

---

[7] Per Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a), unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value.  *AES Drilling* is cited for its persuasive value.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

8515 W. Chester Pike, LLC and :
Delaware County Tax Claim Bureau :
                         :
        v. :
                         :
Sunday Sunshine Enterprises, LLC, : No. 1528 C.D. 2024
           Appellant :

O R D E R

AND NOW, this 1st day of June, 2026, the Delaware County Common Pleas Court's October 7, 2024 order (entered October 10, 2024) is affirmed.


_____
ANNE E. COVEY, Judge