IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therese A. Skinger,                :
                                             :
                Appellant    :
                                             :
               v.              : No. 1452 C.D. 2023
                                             : Submitted: August 8, 2025
Mercer County Tax Claim Bureau   :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE MATTHEW S. WOLF, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: March 12, 2026


         Therese A. Skinger (Appellant) appeals the order of the Mercer County Court of Common Pleas (trial court) denying her Verified Amended Objection to Tax Sale (Objection) to the tax sale of property located at 1285 Jackson Center Polk Road, Stoneboro, Mercer County (Property) by the Mercer County Tax Claim Bureau (Bureau), pursuant to the Real Estate Tax Sale Law (RETSL).[1] We affirm.

         On September 20, 2022, the Property was sold at a tax sale by the Bureau. On September 23, 2022, Appellant filed a *pro se* objection to the sale. Thereafter, on October 17, 2022, Appellant filed the instant counseled Objection. On October 19, 2022, the trial court entered an order requiring the Bureau to show cause why the requested relief should not be granted. On November 7, 2022, the

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

Bureau filed an answer to the Objection denying the material allegations raised therein; the purchaser at the tax sale did not appear or participate in the matter.

On January 3, 2023, the Bureau filed an Answer to Appellant's First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents, attaching thereto: (1) a Delinquent Tax Reminder Letter dated March 11, 202l, sent to her at 3275 Bainton Street, Pittsburgh, PA 15212-2361, by certified mail; (2) a Notice of Return and Claim indicating delivery on April 25, 2021, at 10:21 a.m., with a signature of "T. Skinger" acknowledging receipt; (3) a Delinquent Tax Reminder Letter dated March 8, 2022, sent to Appellant at her mailing address in Pittsburgh; (4) a Notice of Public Sale dated June 7, 2022, sent to Appellant by certified mail to her mailing address in Pittsburgh, which was returned to the Bureau as "unclaimed;" (5) a Notice of Public Sale Posting indicating that the Property was posted on July 16, 2022, at 10:08 a.m., which includes photographs of the posted notice on the Property; (6) a Notice of Public Sale - 10 Day Letter dated September 2, 2022, sent to Appellant at both her mailing address and the Property address, indicating that the letter sent to the Property was not deliverable; and (7) copies of the advertisements for the sale that appeared in two local newspapers of general circulation along with the Mercer County Law Journal. *See* Certified Record (CR) at 74-107.[2] The Answer was verified by the Bureau's Director, Catherine Herriott (Director). *See id.* at 107.

On September 25, 2023, the trial court conducted a hearing on the Objection. At the hearing, Appellant testified that she resides at 3275 Bainton Street in Pittsburgh, which is her current mailing address and that she is the owner of the Property. *See* Reproduced Record (RR) at 202a, 205a. She explained the ongoing

---

[2] Because the Certified Record was not paginated by the trial court, we refer to the electronic pagination for ease of reference.

difficulties that she and her neighbors experience in receiving their mail. *See id.* at 203a-04a. She stated that she never received any correspondence, certified or otherwise, from the Bureau regarding the taxes that she admittedly did not pay for the tax year 2020. *See id.* at 208a-11a. She flatly testified that prior to the hearing, she was not aware that the Bureau could sell the Property if she failed to pay the taxes; she was not aware that the Bureau was required to give her notice of the sale; she did not receive notice of the sale; and she never received certified or regular mail from the Bureau prior to the sale. *Id.* at 209a-11a.

In support of the sale, the Bureau's Director testified and identified the relevant documents in her file, which were included in the Bureau's Answer, relating to the Bureau's notice: (1) the Reminder Letter dated March 11, 2021, was mailed to Appellant at 3275 Bainton Street, Pittsburgh, PA 15212-2361 by first class mail and the letter was not returned to the Bureau as being undelivered; (2) the Notice of Return and Claim dated April 22, 2021, was mailed to Appellant at 3275 Bainton Street, Pittsburgh, PA 15212-2361 by certified mail, return receipt requested, which was signed for by Appellant on April 26, 2021 at 10:21 a.m.; (3) the Reminder Letter dated March 8, 2022, was mailed to Appellant at 3275 Bainton Street, Pittsburgh, PA 15212-2361 by first class mail and was not returned to the Bureau as being undelivered; (4) the Notice of Sale dated June 7, 2022, was sent by certified mail, restricted delivery, to Appellant at 3275 Bainton Street, Pittsburgh, PA 15212-2361 and was returned as unclaimed on July 15, 2022; (5) following the return, she conducted a search for additional addresses by searching the records of Tax Assessment, the Prothonotary (both general and judgment indexes), the Recorder's Office, the Register of Wills and Marriage Licenses, and also an internet search at TruePeopleSearch.com where she found and added 1285 Jackson Center Polk Road,

3

Stoneboro, PA 16153 as an address;[3] (6) the Notice of Public Tax Sale dated September 2, 2022, was sent by first class mail with proof of mailing to Appellant at 3275 Bainton Street, Pittsburgh, PA 15212-2361 and was not returned to the Bureau as being undelivered; (7) the Notice of Public Tax Sale dated September 2, 2022, was also sent by first class mail with proof of mailing to Appellant at the Property's address of 1285 Jackson Center Polk Road, Stoneboro, PA 16153-3211, and was returned as not deliverable on September 8, 2022; (8) the Property was posted with the Notice of Sale on July 16, 2022 at 10:08 a.m., and personal service was not required as the Property is not owner occupied; and (9) the Notice of the Upset Tax Sale was advertised in the Mercer County Law Journal on August 9, 2022, and the Record-Argus and the Sharon Herald, local newspapers of general circulation, on August 10, 2022. *See* RR at 220a-30a.

Ultimately, based on the evidence presented, the trial court found the following regarding the Bureau's efforts to comply with the notice provisions of Section 602(e)(1) and (2) of the RETSL:[4]

---

[3] *See, e.g.*, *179 Warren Street, LLC v. Delaware County Tax Claim Bureau* (Cmwlth. Ct., No. 417 C.D. 2024, filed November 20, 2025), slip op. at 11 (noting the Delaware County Tax Claim Bureau's use of TruePeopleSearch.com to satisfy the RETSL's notice requirements); *In re: Upset Sale Conducted September 16, 2021 by the Tax Claim Bureau of Delaware County, Pa* (Pa. Cmwlth., No. 117 C.D. 2024 , filed March 27, 2025), slip op. at 5-6, 9 (same).

[4] 72 P.S. §5860.602(e)(1) & (2). Section 602(a) and (e)(1) and (2) state, in relevant part:

> (a) At least thirty (30) days prior to any scheduled sale the [B]ureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices.

* * *

**(Footnote continued on next page…)**

4

[Appellant] seeks to invalidate the upset tax sale due to issues regarding "notice." [Appellant] avers that the Notice of Sale dated June 7, 2022, sent by certified mail to [Appellant's] residence at 3275 Bainton Street, Pittsburgh PA 15212-2361, was marked "Return to Sender, Unclaimed, Unable to Forward." Therefore, [Appellant] argues, she never received notice of the sale.

A review of the actions taken by the [Bureau] prior to the upset tax sale demonstrates otherwise. More importantly, [Appellant's] alleged problems with her mail do not negate the [Bureau's] efforts to provide her notice in accordance with the RETSL.

The [Bureau] sent a reminder letter to [Appellant] dated March 11, 2021, by first class mail to her residence at 3275 Bainton Street, Pittsburgh PA 15212-2361. The letter was not returned. A Notice of Return and Claim dated April 22, 2021, mailed by certified mail to [Appellant's] residence at 3275 Bainton Street, Pittsburgh PA 15212-2361, was signed for on April 26, 2021. Another reminder letter dated March 8, 2022, was sent by

---

(e) In addition to such publications, similar notice of the sale shall also be given by the [B]ureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the [B]ureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the [B]ureau to determine the last post office address known to said collector and county assessment office.

72 P.S. §5860.602(a), (e)(1) & (2).

first class mail to [Appellant's] residence at 3275 Bainton Street, Pittsburgh PA 15212-2361, and it was not returned.

Additionally, pursuant to [Section 602(e)(1) and (2) of the RETSL], because the [Bureau] sent the Notice of Sale dated June 7, 2022, by certified mail and it was returned unclaimed, it then sent a Notice of Public Tax Sale dated September 2, 2022, by first class mail with proof of mailing to [Appellant's] residence at 3275 Bainton Street, Pittsburgh PA 15212-2361. This second Notice of Sale was not returned.

On top of all these notices, the [Bureau] posted the Notice of Sale on the [P]roperty on July 16, 2022. It advertised the upset tax sale in local in the Mercer County Law Journal on August 9, 2022, and in two local newspapers on August 10, 2022. Finally, the [Bureau] searched for additional addresses for [Appellant] in the Mercer County Row Offices.

Trial Ct. 11/13/23 Op. at 3-4.

Finally, based on the evidence presented, the trial court found the following regarding the Bureau's efforts to comply with the notice provisions of Section 607.1(a) of the RETSL:[5]

---

[5] Added by the Act of July 3, 1986, P.L. 351, 72 P.S. §5860.607a(a). Section 607.1 states:

(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, . . . and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, *the [B]ureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The [B]ureau's efforts shall include, but not necessarily be restricted to, a search of current telephone directories for the county* and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well

**(Footnote continued on next page…)**

6

> The only remaining issue is whether the [Bureau's] use of the internet as a substitute for current telephone directories would invalidate the upset tax sale. Pursuant to [Section 607.1(a) of the RETSL,] 72 P.S. §5860.607a(a), this Court acknowledges that the RETSL requires a search of "current telephone directories" when notices have been returned. *See id.* However, during the evidentiary hearing, [the Director] of the [Bureau], testified "[w]e then get online. We use True People and we did pick up another address for [Appellant], which was [the Property's address at] 1285 Jackson Center Polk Road in Stoneboro." [RR at 223a].

> This Court finds the [Bureau's] use of the internet as a substitute for current telephone directories does not invalidate or void the upset tax sale. On the contrary, the use of such internet sites has become an acceptable, if not preferred, method for determining the whereabouts of individuals.

Trial Ct. 11/13/23 Op. at 4. Accordingly, the trial court entered an order denying Appellant's Objection, and Appellant filed the instant appeal of the trial court's order.[6]

---

> as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

> (b) The notification efforts required by subsection (a) shall be in addition to any other notice requirements imposed by this act.

72 P.S. §5860.607a(a) and (b).

[6] As this Court has observed: "Our review in tax sale cases 'is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law[,] or rendered a decision with a lack of supporting evidence.'" *179 Warren Street, LLC*, slip op. at 6 n.5 (citation **(Footnote continued on next page…)**

7

In this appeal, Appellant claims:[7] (1) the trial court erred in determining that the Bureau sustained its burden of demonstrating that it strictly complied with the notice requirements of Section 602(e)(1) and (2) of the RETSL; and (2) the trial court erred in determining that the Bureau exercised "reasonable efforts" to notify her of the sale as required by Section 607.1(a) of the RETSL.[8] We do not agree.

Initially, with respect to Appellant's claims under Section 602(e)(1) and (2) of the RESTL, as this Court has recently explained:

> When a property owner challenges a tax sale, the burden of proof is on the tax claim bureau to prove "strict compliance" with the notice requirements of the RETSL. *In re 2005 Sale of Real Est[ate] by Clinton C[ounty] Tax Claim Bureau Delinquent Taxes*, 915 A.2d 719, 724 (Pa. Cmwlth. 2007). Section 602(e)(1) of the RETSL requires that notice of an upset sale be made at least 30 days before the sale by "certified mail, restricted delivery, return receipt requested." 72 P.S. §5860.602(e)(1). Section 602(e)(2) requires that if return receipt is not received,

---

omitted); *see also* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

[7] In the interest of clarity, we consolidate and reorder the claims raised by Appellant in the Statement of the Questions Presented portion of her brief. *See* Brief for Appellant at 8-9.

[8] Appellant also claims that the trial court erred in determining that the Bureau complied with the "conspicuous" posting requirements of Section 602(e)(3) of the RETSL, 72 P.S. §5860.602(e)(3). However, Appellant did not raise this claim in her *pro se* Objection to Tax Sale, in her counseled Objection, or at the trial court's hearing. *See* CR at 6-8; RR at 10a-15a. Rather, Appellant first raised this claim in her Pa.R.A.P. 1925(b) Concise Statement of Errors Raised on Appeal (Statement). *See* CR at 335-36. It is well settled that a claim may not be first raised in her Statement, and her failure to assert this claim earlier in the trial court results in a waiver. *See, e.g.*, *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009) ("Because issues not raised in the lower court are waived and cannot be raised for the first time on appeal, a 1925(b) [S]tatement can therefore never be used to raise a claim in the first instance."). Moreover, on the merits, there is clearly substantial evidence of record demonstrating the Bureau's compliance in this regard as exhaustively outlined above.

8

notice must be mailed at least 10 days before the sale "by United States first class mail, proof of mailing, at [the property owner's] last known post office address." *Id.* §5860.602(e)(2).

Generally, while the Bureau must strictly comply with the RETSL's notice requirements, it must only prove that it **mailed** all required tax sale notices; it is **not** required to prove that the property owner **actually received** them. *FS Partners v. York C[ounty] Tax Claim Bureau*, 132 A.3d 577, 581 (Pa. Cmwlth. 2016); *see also In re Upset Tax Sale Held 11/10/97 Tax Parcel No. 48-020-119*, 784 A.2d 834, 837 (Pa. Cmwlth. 2001) ("'[W]here the [tax claim] bureau has complied with all the notice provisions of Section 602 [of the RETSL], **the fact that notice was not actually received will not defeat the sale**.'") (citation omitted [and] emphasis added); Section 602(h) of the RETSL, 72 P.S. §5860.602(h) ("No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as required was not received by the owner, **provided that such notice was given as prescribed by this [S]ection**.") (emphasis added). However, "a signature on the return receipt of a name **other than that of the owner or an individual authorized to sign for the owner is insufficient** to satisfy the tax bureau's certified mail notice obligation." *FS Partners*, 132 A.3d at 582 (emphasis added); *see also Perma Cole-Sales* [*v. Cambria County Tax Claim Bureau*, 638 A.2d 329, 331 (Pa. Cmwlth. 1994)] (concluding that a tax sale notice was insufficient where the return receipt was "not signed by a person authorized to accept mail for the addressee") (italics removed).

*179 Warren Street, LLC*, slip op. at 7-8 (emphasis in original).

Thus, although Appellant may have never received the notices prior to the sale, the Director's testimony and the Bureau's Answer to the Objection demonstrate that the Bureau fully discharged its duty under Section 602(e)(1) and (2). *Id.*; *see also Severino v. J.P. Holdings, LLC*, 303 A.3d 540, 544 (Pa. Cmwlth. 2023) (holding that in tax sale cases, "[t]he trial court is the finder of fact and 'has

9

exclusive authority to weigh the evidence, make credibility determinations[,] and draw reasonable inferences from the evidence presented'"") (citation omitted). Stated simply, we will not accede to Appellant's request to reweigh the evidence in the Certified Record as there is clearly substantial evidence to support the trial court's determinations regarding notice, and Section 602(h) precludes this Court from invalidating the sale on the basis that she failed to receive them.

Lastly, with respect to Appellant's claim under Section 607.1, although the Law does not define the term "current telephone directory," the Pennsylvania Public Utility Commission (PUC) specifically requires the use of digital online telephone directories by public utilities within its jurisdiction, and has eliminated the requirement of distributing a physical telephone directory.[9] *See* Section 63.21(b)(5) of the PUC's regulations, 52 Pa. Code §63.21(b)(5) ("Directories shall be made available online in digital format at a web site maintained by the jurisdictional telecommunications public utility."); Section 63.21(f) of the PUC's regulations, 52 Pa. Code §63.21(f) ("The provisions of this [S]ection shall be in effect until January 1, 2026[,] whereupon directory distribution is no longer required.").[10]

---

[9] "We note that providers of the wireless communication services regulated by the [Federal Communications Commission] are not 'public utilities' under the jurisdiction of the [PUC]." *Earl Township v. Reading Broadcasting, Inc.*, 770 A.2d 794, 797 n.1 (Pa. Cmwlth. 2001); *see also* Section 102 of the Public Utility Code, 66 P.S. §102 (excluding from the definition of a "public utility," "[a]ny person or corporation, not otherwise a public utility, who or which furnishes mobile domestic cellular radio telecommunications services"); Stephen J. Blumberg & Julian V. Luke, *Wireless Substitution: Early Release of Estimates From the National Health Interview Survey, July–December 2024*, NATIONAL CENTER FOR HEALTH STATISTICS (June 2025) at 2 (reporting that "[n]early four in five adults [in the United States] were wireless only (78.0%), 203 million; that is, they personally had a wireless telephone and lived in a household that did not have a landline.").

[10] Regarding the recent amendments to its regulations, the PUC explained:

**(Footnote continued on next page…)**

As a result, the record demonstrates that the trial court did not err in determining that the Bureau exercised reasonable steps under the RETSL, including the search of current digital telephone directories, in providing notice to Appellant of the sale under Section 607.1 of the RETSL. *See 179 Warren Street, LLC*, slip op. at 12 ("[W]e agree with the trial court that the [b]ureau's additional efforts to locate [the t]axpayer, which included internet searches, a review of the [b]ureau's records, and confirmation of the address on file with the county assessment office, were reasonable. Therefore, we conclude that the [b]ureau satisfied the additional notice requirements of Section 607.1(a) of the RETSL.").

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Wallace did not participate in the decision of this case.

_____

The [PUC] also agrees with [Independent Regulatory Review Commission's] comments that we need to have an enforceable standard for directory distribution. However, we believe this regulation is on the path to obsolescence. As noted in comments, print requests statewide have declined almost by half since 2017 despite the 50% reduction in automatic deliveries. And, at the current trend, requests for print would be near zero in another four years. Therefore, to address these issues raised in comments, we shall revise Section 63.21(b)(3) in the final-form regulation to state that distribution of directories beyond an "upon request" basis shall be at the discretion of the public utility **and add** a new Section 63.21(f) that sets forth a sunset provision of January 1, 2026 for the directory distribution requirement.

Final Order, *Rulemaking to Comply with the Competitive Classification of Telecommunication Retail Services Under 66 Pa. C.S §3016(a); General Review of Regulations 52 Pa. Code, Chapter 53, Chapter 63 and Chapter 64* (Pa. P.U.C., Docket No. L-2018-3001391, entered December 9, 2021) at 58 (citation omitted and emphasis added).

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therese A. Skinger,              :
                                        :
            Appellant   :
                                          :
          v.                 : No. 1452 C.D. 2023
                                          :
Mercer County Tax Claim Bureau   :

**O R D E R**

AND NOW, this 12th day of March, 2026, the order of the Mercer County Court of Common Pleas dated November 13, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Therese A. Skinger,              :
                Appellant     :
                                     :
             v.              :    No. 1452 C.D. 2023
                                     :
Mercer County Tax Claim Bureau    :    Submitted: August 8, 2025

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE MATTHEW S. WOLF, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

CONCURRING OPINION BY
JUDGE WOLF                                      FILED: March 12, 2026

I respectfully concur. I agree with the Majority that the Mercer County Tax Claim Bureau (Bureau) fully discharged its duty of notice under Section 602(e) of the Real Estate Tax Sale Law (RETSL).[1] *Skinger v. Mercer Cnty. Tax Claim Bureau* (Pa. Cmwlth., No. 1452 C.D. 2023, filed March 12, 2026), slip op. at 9. I also agree with the Majority's conclusion that the Bureau took reasonable steps to notify Therese A. Skinger (Appellant) as required by Section 607.1(a) of RETSL.[2] *Id.*, slip op. at 11. I would not, however, reference regulations of the Pennsylvania Public Utility Commission (PUC) in reaching that conclusion, as the Majority does. *See id.*, slip op. at 10 (quoting 52 Pa. Code §§ 63.21(b)(5), (f)).

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602(e).
[2] Added by the Act of July 3, 1986, P.L. 351, 72 P.S. §5860.607a(a).

When Section 607.1(a) is triggered, it requires "reasonable efforts" to find and notify the relevant person, including searching "current telephone directories." 72 P.S. §5860.607a(a). RETSL does not define "current telephone directories," but giving "current" meaning based on the evolution of technology obviously includes an online directory, as physical phonebooks are a legacy resource. As the Majority well explains, the record testimony shows the Bureau took the reasonable step of an internet search at TruePeopleSearch.com. *Skinger*, slip op. at 3, 11. We have accepted the concept that the lack of examination of a physical phone directory is not fatal to efforts under Section 607.1(a). *Id.*, slip op. at 4 n.3 (collecting cases). Because the reasonable efforts are evident from the record, I do not believe it is necessary to reference the PUC's regulations, which the parties did not discuss in their briefs. For that reason, I respectfully concur.

_____
MATTHEW S. WOLF, Judge